Helen GRAVES, Plaintiff in Error,

v.

Geneva LEWIS and Sidney Lee Knight,
Defendants in Error.

No. 37922.

Supreme Court of Oklahoma.

July 8, 1958.

Primus C. Wade, Caesar C. Latimer,
Tulsa, for plaintiff in error.

Rucker, Tabor & Cox, Jack M. Thomas,
Tulsa, for defendants in error.

BLACKBIRD, Justice.

This action was commenced by Helen
Graves, hereinafter called plaintiff, to re-
cover for damages to personal property
and for personal injuries against the de-
fendants, Geneva Lewis and Sidney Lee
Knight. Judgment was entered on a ver-
dict for the defendants, and plaintiff ap-
peals from the order overruling a motion
for new trial.

The defendants will be referred
to by name. The record discloses that
plaintiff was driving an automobile coupe
which was struck by a tractor driven by

defendant Knight. The accident occurred at the signal light at the intersection of Pine and Lansing Streets in Tulsa, Oklahoma. Both the plaintiff and the defendant Knight were traveling east on Pine Street.

Plaintiff testified that, as she was traveling east on Pine Street, she stopped near the signal light at Pine and Lansing Streets, and that her automobile was immediately struck from the rear by the vehicle driven by Knight.

Knight testified that he was approximately fifty feet from the signal light, slowing down to stop, when plaintiff made a sudden turn in front of his vehicle. His testimony is as follows:

"Where was the plaintiff's car—this lady's car here—when you first saw it?

"She was pulling around me.

"Where were you from this intersection at that time?

"Back about 50 feet from the signal light.

"Was there any other vehicle ahead of you?

"Yes, two.

"Where were they?

"Stopped at the signal light.

"Will you tell the jury just what happened?

"I was slowing down, took my foot off the gas, slowing down to stop behind the rear car at the signal light and she run around me.

"You say 'run around you' what did she do?

"She cut in between me and the rear car at the signal light."

There are no specifications of error. The plaintiff argues that the court erred in overruling her motion for a new trial. The above testimony presents a conflict in the evidence which was for the determination of the jury. The plaintiff does not argue any error in the instructions. She asserts that the evidence is insufficient to support a finding of contributory negligence. There was no specific finding made by the jury, the verdict for defendants being general. Contributory negligence is a question for the jury. Sec. 6, Art. 23, Constitution of Oklahoma; Elam v. Loyd, 201 Okl. 222, 204 P.2d 280.

■ Plaintiff asserts that the evidence is insufficient to support the verdict and argues that the verdict is in total disregard of the physical facts. This was a question for the jury on the conflict of testimony, since the only physical facts were disclosed by the testimony of witnesses. The trial court could not and should not have determined this issue. Plaintiff failed to attack the sufficiency of the evidence at any time during the trial. She points to corroborating testimony of a bus driver. An examination of the record leads to the conclusion that the jury was probably not impressed with the testimony of this witness.

■ The Court has many times held that a motion for new trial is addressed to the discretion of the trial court and the action thereon will not be disturbed on appeal unless there is a clear abuse of this discretion. St. Louis-San Francisco Ry. Co. v. King, Okl., 278 P.2d 845; Cooke v. Townley, Okl., 265 P.2d 1108; Long v. McIninch, Okl., 264 P.2d 767; Kurn v. Freeman, 189 Okl. 57, 113 P.2d 194; Hartman v. Dunn, 186 Okl. 9, 95 P.2d 897, 898. In Hartman v. Dunn, supra, it is stated:

"Motion for new trial is addressed to the sound legal discretion of the trial court, and the granting or refusal of same will not be disturbed on appeal, in the absence of a showing of abuse of such discretion."

The court did not abuse its discretion in overruling the motion for new trial.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, JACKSON and CARLILE, JJ., concur.