Barbara Ruth PIPES and John H. Pipes, Wife and Husband, Appellants,

v.

Marion Kay SMITH and Aetna Casualty & Surety Company, Hartford, Connecticut, Appellees.

No. 65955.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 15, 1987.

Manville Redman, Lawton, for appellants.

Michael L. Darrah, and Paul B. Middleton, Oklahoma City, for appellees.

HANSEN, Presiding Judge:

This case involves an automobile accident between Plaintiff/Appellant, Barbara Ruth Pipes and Defendant/Appellee, Marion Kay Smith. Defendant/Appellee, Aetna Casualty & Surety Company is the carrier of uninsured motorist coverage for Ms. Pipes. Liability was admitted by Ms. Smith and the case was tried on the issue of damages only. The jury returned a verdict in the amount of $6,828, of which $3,728 was designated as reasonable medical expenses.

Plaintiffs/Appellants, Barbara Ruth Pipes and John H. Pipes, moved for a new trial on grounds that damages awarded them were inadequate. Defendants filed no written response to Plaintiffs' motion. At the hearing the trial court overruled Plaintiffs' motion for new trial. However, on appeal they abandoned their contention of inadequate damages,[1] by failing to raise it as a proposition of error.[2]

---

1. Although there is no transcript of the hearing on the motion for new trial, Plaintiffs contend they also argued that Rule 4e provided a basis for a new trial.

2. *Sooner Drainboard Company v. Deaton,* 512 P.2d 1185 (Okla.1973).

On appeal Plaintiffs contend only that because Defendants failed to file a response to their motion for new trial, such motion should be deemed confessed pursuant to Rule 4, 12 O.S.1987 Supp., Ch. 2, App., and as a result, they should be granted a new trial. We disagree.

Rule 4 e provides:

Any party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days of the service of the motion, or the motion shall be deemed confessed.

A motion for new trial is not one of the motions enumerated in Section c, however, the substance of Rule 4 focuses largely on motions of a pre-trial nature. In fact, Chapter 2 of Title 12 in its entirety approaches the procedural aspect of a lawsuit in an orderly fashion. Furthermore, even though it does not deal with the consequences of failure to respond to such a motion, Rule 17, dealing with motions for new trial, is found in Chapter 2 in a chronologically consistent location within the chapter, is a more specific rule than Rule 4 e.[3]

To treat a motion for new trial as confessed for failure to respond would be tantamount to confession of the ultimate issue in the matter. Such a penalty for a failure to respond to pre-trial motions is understandable because of the objective, during procedural stages of a lawsuit, to determine the legal and factual issues for trial.

When a motion for new trial is made, the trial issues have been determined; indeed, the trial has occurred and the movant is attempting to convince the trial court errors have been committed during the course of the proceedings. To allow a new trial on the basis of a non-response rather than on the merits basis claimed of errors committed at trial would be imprudent and a waste of judicial economy.

Title 12 O.S.1987 Supp. § 651 enumerates nine grounds as a basis for a new trial, and such grounds are exclusive.[4] Had the trial court granted the motion upon grounds not provided by law, its ruling would have constituted an abuse of discretion.[5] The trial court did not abuse its discretion in overruling Plaintiffs' motion for new trial.

AFFIRMED.

HUNTER and BAILEY, JJ., concur.

---

**3.** 58 O.B.J. 1702 (1987), cert pending, see *Spirgis v. Quick Stores, Inc.,* dealing with summary judgment motions.

**4.** *First Nat. Bank of Taloga v. Farmers' State Guaranty Bank,* 62 Okla. 30, 161 P. 1063 (1916).

**5.** *Federal Surety Co. v. Little,* 156 Okla. 175, 9 P.2d 447 (1932).