**Fern L. RECORD, Appellee,**

v.

**Richard W. RECORD, Appellant.**

**No. 71382.**

Supreme Court of Oklahoma.

Sept. 10, 1991.

---

W. Creekmore Wallace, II, Sapulpa, for appellee.

Sam T. Allen, IV, Loeffler, Allen & Ham, Sapulpa, for appellant.

SIMMS, Justice:

Appellant, Richard W. Record (Husband), appeals an order from the District Court of Creek County denying his Motion for New Trial in a divorce action filed by appellee, Fern L. Record (Wife). The motion was denied on the grounds that it was not accompanied by a brief or list of authorities as required by Rule 4 of the Rules for the District Courts of Oklahoma, 12 O.S.Supp. 1984, Ch. 2, App. The Court of Appeals concluded that this Rule 4 requirement for

briefs or a list of authorities does not apply, yet affirmed the trial court's denial of a new trial. Certiorari was granted to determine whether the trial court erred in denying Husband's motion for new trial. Although we hold that the trial court abused its discretion in failing to address the merits of the motion, we affirm the trial court's judgment because no clear abuse of discretion is evident in the property division decreed by the trial court. Some of the facts presented at trial follow. Other facts are noted as they become relevant.

After four-and-a-half years of marriage, Wife filed this action for divorce. Several hearings were held and one-and-a-half years later, the trial court issued a journal entry of judgment granting to Wife all her personal property, including her car and bank accounts. Under the decree, Husband received his personal property and bank accounts, the remaining vehicles, a salvage yard business that the couple acquired during their marriage, a double-wide mobile home located on the salvage yard property, and the marital home. The trial court further awarded to Wife a judgment against Husband in the amount of $98,-349.97 in property division alimony, payable at a rate of $1,350.00 per month.

At the time of trial, the salvage business was estimated by Husband to be worth approximately $70,000.00 and by Wife to be worth approximately $150,000.00. One witness called by Wife testified that he offered to buy the salvage business from Husband for $90,000.00 and considered that a fair price for it. He also stated that Husband told him that he would sell it for $85,000.00 after the divorce was final.

In a corrected court minute, the trial court set forth the terms of the ruling again and granted a divorce to each party. Within the requisite time period, Husband filed a Motion for New Trial arguing several errors made by the trial court. The trial court's minute order denying the motion merely stated that it was denied pursuant to Rule 4 for failure to file a brief or list of authorities.

■ Rule 4 requires all motions filed in the district courts to be accompanied by a brief or list of authorities upon which the movant relies. However, this rule primarily governs pretrial motions and does not apply to motions for new trial. Rather, District Court Rule 17 specifically provides for new trial motions. Rule 17 does not require a brief or list of authorities for new trial motions, but mandates that each error asserted in such motions be separately stated with specificity.

Motions for New Trial "are directed to the sound discretion of the trial court, and the court's ruling thereon will not be disturbed on appeal in the absence of an abuse of that discretion." *NU–PRO, Inc. v. G.L. Bartlett & Co.*, 575 P.2d 620 (Okla. 1977).

Because Rule 17 requires no brief or list of authorities, the trial court erroneously denied the motion on the grounds that Husband failed to comply with Rule 4. The trial court should have considered the motion despite the fact no legal authority was attached. Since the minute order reveals no other grounds for denying the motion, we can only assume that the merits of Husband's motion were not addressed. Failure to address the merits of the motion under these circumstances was an abuse of discretion.

■ Despite recognizing that Rule 17, rather than Rule 4, was the applicable rule, the Court of Appeals affirmed the trial court because Husband's petition in error did not allege error by the trial court in denying the motion. Relying on *Sun Oil Co. v. Hoke*, 197 Okla. 261, 169 P.2d 753 (1946), the court held that any error by the trial court in dismissing the new trial motion was waived by Husband's failure to brief the error on appeal.

The petition in error lists five separate and specific errors by the trial court in the judgment. It also names the court's order denying Husband's new trial motion as the final order from which he appeals. Husband's brief in chief asserts two propositions which are encompassed in the allegations made in both the new trial motion and the petition in error. In *Hoke*, the allegations were not briefed, whereas, in the

case at bar, Husband has briefed some of his allegations of error. Hence, *Hoke* is not dispositive of this case. Therefore, because the trial court failed to address the new trial arguments and because Husband's allegations of error are properly briefed, we address the arguments as set forth in his brief.

■ First, Husband contends that the division of the property is manifestly inequitable. He maintains that the salvage yard was the only significant asset of the marriage and that the evidence showed that it was worth $86,300.00. Based upon this figure, he asserts that the trial court's grant to Wife of a $98,349.97 judgment was a property division which exceeded the value of the only significant marital asset.

"In making an equitable division of property in a divorce action, the trial courts are vested with a wide discretion. It must clearly appear that the trial court abused its discretion before we will reverse an order adjusting property rights."

*Manhart v. Manhart,* 725 P.2d 1234, 1240–241 (Okla.1986). However, in making an equitable, fair and reasonable division of marital property, a trial court is not required to divide the property equally. *Id.; Stansberry v. Stansberry,* 580 P.2d 147 (Okla.1978).

Our review of the record indicates that the value of the marital property was sharply contested. The evidence established that Husband owned a home prior to marrying Wife and that it became the marital home. The house was destroyed by fire during their marriage, and the proceeds from an insurance policy covering the home amounted to $198,000.00. The couple used some of this money to build a smaller home on the property, and another part of it went towards paying off the bank loan on the salvage yard. The evidence further revealed that Husband owned other businesses and property which were not as significant in terms of value, but nevertheless, were income-producing. The divorce decree gives Husband possession of the home and the businesses.

The trial court considered conflicting evidence as to the value of the marital proper-

ty and made its decision according to its assessment of the credibility of the witnesses and evidence. It does not clearly appear that the trial court abused her discretion in dividing the property in the manner and amounts she did in the divorce decree. This proposition is without merit.

■ In his second proposition, Husband asserts that the payment schedule and acceleration clause of the judgment are contrary to law and constitute an abuse of discretion by the trial court.

The trial court granted Wife property division alimony in the amount of $98,-349.97 payable monthly at a rate of $1,350.00 until fully paid. The court further ordered, however, that if Husband failed to pay any of the alimony installments timely as ordered, all the remaining payments would become due immediately. Husband argues that if he misses a payment and all payments become due, then Wife would receive a sum which exceeds the value of $98,349.97 spread over time. He contends that this acceleration clause creates a contingency which makes the actual sum of money owed indefinite, rendering the order invalid under authority such as *Trosper v. Trosper,* 308 P.2d 320 (Okla. 1057).

We do not find it necessary to pass on this contention of indefiniteness, however, as we find the acceleration clause is invalid for the more basic reason that it is unenforceable. We are not aware of any authority supporting the notion that court-ordered installment payments of alimony as and for property division could become due and payable prior to their maturity, and appellee has shown us none.

It is axiomatic that the trial court must make an equitable division of property. In severing the marital estate the court may divide the property in kind or set it apart to one party and award such compensation to the other as is necessary for a fair and just division. 12 O.S.Supp.1985, § 1278, provides in pertinent part:

".. As to such property, whether real or personal, which has been acquired by the parties jointly during their marriage, whether the title thereto be in either or

both of said parties, the court shall make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties and requiring the other thereof to be paid such sum as may be just and proper to effect a fair and just division thereof ..."

 Without question, a court may order periodic alimony payments as and for a division of property, or may, in a proper case, enter a judgment for the entire amount due and payable at once. Payment of such compensation may be ordered in the "form of a money judgment, payable either in gross or in installments, as the court may deem just and equitable." § 1278, supra.

We have long held, however, that where periodic payments are ordered, they are not owing and enforceable until they are each due. The right to enforce a periodic payment of "alimony or support ... accrues on each payment as it matures and the statute of limitations begins to run on each installment from the time fixed for its payment." *Catlett v. Catlett*, 412 P.2d 942 (Okla.1966).

Each monthly installment would become due and owing only on maturity and there is no authority for attempting to impose an accelerated payment obligation on appellant in the absence of agreement. We therefore strike the acceleration clause as invalid and reverse the trial court's judgment in this particular.

The opinion of the Court of Appeals is VACATED, and the judgment of the trial court is AFFIRMED IN PART AND REVERSED IN PART.

LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.

OPALA, C.J., concurs in part, dissents in part.