**WESTLAKE PRESBYTERIAN CHURCH, INC., an Oklahoma corporation, Appellee,**

v.

**Richard L. CORNFORTH, Appellant.**

No. 86415.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 10, 1996.

Rehearing Denied Jan. 14, 1997.

Certiorari Denied April 2, 1997.

Mark E. Bialick, Regena K. McNeill, Durbin, Larimore & Bialick, Oklahoma City, for Appellee.

Richard L. Cornforth, Bethany, pro se Appellant.

## OPINION

BUETTNER, Judge:

In 1992, Westlake Presbyterian Church sued Cornforth in small claims court to recover damages pursuant to 23 O.S.1991 § 10, which permits recovery of up to $2,500.00 from the parents of a minor living with his parents who commits any criminal or delinquent act resulting in injury to person or property. After trial, a judgment in the amount of $2,500.00 was entered in the Church's favor and affirmed by the Court of Appeals in case number 79,910. On April 28, 1995, after the appeal was final, the Church moved to require judgment debtor to answer as to assets. The hearing on assets was set for May 22, 1995.

On May 3, 1995 Cornforth filed a motion to vacate the judgment, claiming the judgment was void because the court did not have jurisdiction to decide whether a child had committed a crime or act of delinquency. In a letter to the Church, copied to the court and filed with the court May 18, 1995, Cornforth advised the Church's minister that in "regard to your church's judgment against me, SC 92–6910, please be advised that I am filing bankruptcy." Nonetheless, Cornforth filed a "restatement" of his motion to vacate May 31, 1995, restating his position that the court lacked subject matter jurisdiction to determine whether a child had committed a criminal or delinquent act.

The Church filed an objection to the motion to vacate June 22, 1995 in which it asserted that the court had subject matter jurisdiction pursuant to 23 O.S.1991 § 10, which permits the injured party to seek damages against the minor's parents in a civil action. The court was not called upon to determine whether the minor had committed criminal or delinquent acts.[1] The Church also pointed out that the civil court is not

---

1. During trial, Cornforth admitted that his son entered an agreed plea to second degree burglary and was ordered to perform 65 hours of community service.

adjudicating a minor, but is entitled to entertain evidence of the alleged criminal or delinquent acts in order to determine whether the parent is liable for damages.

The trial court stayed the action June 30, 1995, because of the bankruptcy. On July 10, 1995 Cornforth filed an objection to the Church's response to his motion to vacate, despite the stay, based on his position that the Church did not timely respond to his motion to vacate in violation of District Court Rule 4, 12 O.S.Supp.1993 Ch. 2, App. The Church answered the objection, stating that it forbore filing a response because of Cornforth's statement that he had filed for bankruptcy protection.

Upon being informed that the bankruptcy court's automatic stay had been lifted, the trial court rescinded its own stay and set the motions to vacate and ratify journal entry for hearing. Cornforth's proposed journal entry stated that because the Church failed to timely respond to his motion to vacate, his motion was deemed admitted. The trial court heard arguments and reviewed the briefs filed by the parties. It found it had jurisdiction over the matter and the parties. It further found that the judgment entered for $2,500.00 in favor of the Church, as affirmed on appeal, was not void and should not be vacated. It then denied Cornforth's motion to vacate and his restatement of the motion to vacate as well as Cornforth's request for ratification of journal entry.

■ Cornforth first contends that the trial court should have entered an order vacating the judgment because the Church did not timely respond, in violation of District Court Rule 4(e). District Court Rule 4 is not self-executing. The trial court must retain some discretion to review motions to ensure that it does not grant relief in violation of the law. For example, the proponent of a motion for summary judgment must still carry his burden of showing entitlement. *Spirgis v. Circle K Stores, Inc.*, 743 P.2d 682, 684 (Okla. 1987). Another exception is a motion for new trial. Our Court has held that failure to respond to a motion for new trial will not result in mandatory confession of the motion under District Court Rule 4. *Pipes v. Smith*, 743 P.2d 1110, 1111 (Okla.App.1987). Also

see *Record v. Record*, 816 P.2d 1139, 1141 (Okla.1991) in which the Supreme Court held that Rule 4 does not apply to motions for new trial and the trial court should consider the merits of the motion even though not accompanied by a brief or citation to legal authority (a requirement of Rule 4(c)).

The rationale of *Pipes* and *Record* is that District Court Rule 4 applies to pre-trial motions, and that motions for new trials are governed by District Court Rule 17. Inherent in that analysis is the fact that the authority to grant a new trial is limited by statutory grounds. 12 O.S.1991 § 651. In the same manner, motions to vacate are governed by District Court Rule 19 and 12 O.S. 1991 § 1031.

The Legislature has determined that motions for new trial and to vacate a judgment must meet certain criteria. Notwithstanding the mandatory language of District Court Rule 4 ("motion shall be deemed confessed"), the trial court certainly has discretion to ensure that the motion arguably meets the minimum statutory criteria before granting the requested relief. In this case, the trial court did not err in refusing to deem confessed Cornforth's motion to vacate judgment

■ Further, a party may not invite error, then attempt to profit from the error. *Middlebrook v. Imler, Tenny & Kugler, M.D.'s, Inc.*, 713 P.2d 572, 583 (Okla.1985). The Church could reasonably refrain from filing a response based on Cornforth's statement that he had filed for protection under the bankruptcy laws. Likewise, because of the bankruptcy filing, the trial court could reasonably allow the Church to respond to Cornforth's motion to vacate after the original response time had passed. Cornforth has failed to show an abuse of discretion.

■ Cornforth's second proposition, that the judgment should be stricken as void because 12 O.S.1991 § 2011 requires pleadings to be signed by at least one attorney with his bar number, is meritless, even if it were properly preserved for appeal. We do not consider issues raised for the first time on appeal unless the error is fundamental. *Steiger v. City National Bank of Tulsa*, 424 P.2d 69 (Okla.1967) (syllabus by the Court).

■ Cornforth next asserts that the trial court lacked jurisdiction to stay the Oklahoma case based on the federal bankruptcy case. Cornforth bases his contention on the fact that 11 U.S.C. § 362 stays attacks by creditors on debtors, not of debtors on creditors. The lawsuit in this case, however, was filed by the Church against Cornforth and the Church's judgment made it a judgment creditor and Cornforth a judgment debtor. Cornforth's motion to vacate was a post-judgment motion, but is not a separate action.

■ For his fourth contention, Cornforth again states that his motion to vacate should have been granted and his proposed journal entry ratified because of the Church's failure to timely respond. This time, Cornforth relies on the local rules for Oklahoma–Canadian Counties entitled Rule 16, "Judgment—Default." A motion to vacate a judgment, however, is not a motion for default judgment. Local Rule 16 does not apply to these facts.

The fifth allegation of error has a fallacious foundation and fails for that reason. Cornforth states that the trial court lacked authority to *sua sponte* set the matter for a "second" hearing. Cornforth then asserts that "there is absolutely no authority extant that empowers a court to act on its own initiative to reinstate a judgment in default justly requires the trial court's October 2, 1995 [order] be declared void." The court has authority and there was no default judgment.

Next Cornforth claims that the order overruling his motion to vacate should be declared void because the trial court did not require the Church to show by authority that the trial court had jurisdiction. We have read the transcript of the trial as well as Church's objection to the motion to vacate. The Church established through fact and law that the matter was properly heard in the District Court, Small Claims Division.

■ For his seventh proposition of error, Cornforth argues that the trial court lacked jurisdiction to determine that Cornforth's son had committed a criminal or delinquent act. The Small Claims Division of the District Court does not have jurisdiction to adjudicate a minor as a criminal or delinquent. This case is not about adjudication of a minor, however. The Small Claims Division has authority to consider evidence of the minor's actions to see if they are in the nature of criminal or delinquent acts. If, in addition, the plaintiff proves the other elements of 23 O.S.1991 § 10, that is, that the defendant is a parent of the minor, the minor lives with the parent, and the plaintiff has suffered damages because of the minor's criminal or delinquent acts, then the court may render judgment against the parent for money damages. Section 10 damages are limited to the criminal or delinquent acts of the child. *Glidden v. Higgs,* 839 P.2d 680, 681 (Okla.App.1992). The original 1957 version of § 10 provided for recovery based on a minor's willful or malicious destruction of property. In 1977, the basis for liability was changed to criminal or delinquent acts resulting in personal injury or property damages. There has been no suggestion that the 1977 amendment changed the statutory scheme so as to require the minor to be found criminally liable or delinquent before a parent could be held liable under § 10. In the absence of some evidence of legislative intent, we will not create such a prerequisite.

■ Finally, Cornforth makes an unsubstantiated allegation accusing the appellate court, the trial court and the Oklahoma County Special Judges of having "set aside all procedures and all rules for the convenience and advantage of the Church and the Church's counsel" so as to require ruling that the trial courts acted in "clear absence of all jurisdiction to abrogate his substantive and procedural rights." We do not address unsupported allegations of error. *Cavett v. Peterson,* 688 P.2d 52, 59 (Okla.1984).

For the reasons stated, we affirm the trial court's order denying Appellant's motions to vacate and to ratify journal entry.

■ Appellee's motion for appeal-related costs and attorney fees is granted. We find this action is one for recovery of negligent or willful injury to property. 12 O.S.1991 § 940. We remand the case to the trial

court for a determination of appeal-related attorney fees.

Appellant's motion for sanctions is denied.

Appellee's motion for sanctions is denied.

JUDGMENT AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.