**BANK OF OKLAHOMA, N.A., Oklahoma City, Oklahoma, a National Banking Association, Appellant/Counter–Appellee,**

**v.**

**Dennis L. PORTIS and Sheryle M. Portis, Appellees/Counter–Appellants.**

**No. 87611.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 6, 1997.

Stephen L. Bruce, Oklahoma City, for Appellant/Counter–Appellee.

J. Brent Galyon, Jacquita R. Gorelick, Oklahoma City, for Appellees/Counter–Appellants.

GOODMAN, Presiding Judge:

This appeal has been assigned to the accelerated docket pursuant to Civil Appellate Procedure Rule 1.203(A)(1)(a), 12 O.S.Supp. 1996, ch. 15, app. 2, after the trial court granted summary judgment to each party. Upon reconsideration of the issues, we grant the parties' petitions for rehearing, withdraw our opinions of September 17 and November 5, 1996, and hereby issue the following opinion. Based on the record and applicable law, we affirm the trial court's judgment.

## I

### FACTS

Defendants Dennis and Sheryle Portis (collectively, Portis) and plaintiff Bank of Oklahoma (BOK) entered into a retail installment sales contract and security agreement wherein BOK, as "creditor/assignee," took a security interest in an automobile purchased by Portis and Portis agreed to make 60 monthly payments to BOK totaling about $15,000. The contract also required Portis to maintain insurance on the car, and gave BOK authority to secure the insurance if Portis failed to do so.

For certain periods during the term of the contract, Portis failed to maintain insurance coverage. BOK asserted it notified Portis of this failure and then purchased insurance. Over a three-year period, the cost of the insurance amounted to more than $4,000, which BOK added as an interest-free "balloon payment" payable at the end of the contract's term.

Portis made all 60 payments. A few months after the final payment, BOK filed a petition to foreclose its security interest, asserting Portis failed to fully satisfy the indebtedness. A few days after receiving the summons and petition, Sheryle Portis contacted BOK's attorney, who explained the claim was not for monthly installments but for the insurance payments. Portis told BOK's attorney that coverage had been provided most of the time, making at least some of BOK's payments duplicative and unnecessary, and that she could provide proof of coverage. Portis did not file an answer to BOK's petition.

BOK took a default judgment without giving notice to Portis. Portis appealed, but did not file a supersedeas bond. During the appeal, the car was seized and sold at sheriff's sale for $1,650. BOK took a deficiency judgment and garnished Portis' wages after which Portis agreed to make monthly payments on the judgment. In Appeal No. 76,-326, we reversed and remanded with instructions to the trial court to vacate the default judgment.

On remand, Portis answered and counterclaimed for damages. Each party moved for summary judgment. The trial court granted Portis' motion for summary judgment, holding BOK violated the Oklahoma Uniform Consumer Credit Code (UCCC) by failing to properly notify Portis of the insurance charges. The trial court granted BOK judgment for accrued late payment charges and on Portis' counterclaims which were based on 47 O.S.Supp.1996, § 1110(B)(1), and abuse of process. Both parties filed motions to reconsider, which the trial court denied. Both parties appeal. Portis' motion to limit the record on appeal is denied. *See* Civil Appellate Procedure Rule 1.203, 12 O.S.Supp.1996, ch. 15, app. 2.

## II

## STANDARDS OF REVIEW

Summary judgment is proper only when the pleadings, affidavits, depositions, admissions, or other evidentiary materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Davis v. Leitner,* 1989 OK 146, 782 P.2d 924, 926. In reviewing the grant or denial of summary judgment all inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to the party opposing the motion. *Id.*

■ A motion to reconsider is the functional equivalent of a motion for new trial, *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, 681 P.2d 757; our standard of review therefore is abuse of discretion. *Graves v. Lewis,* 327 P.2d 672 (Okla.1958). To reverse a trial court on the ground of abuse of discretion, we must find that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence. *Abel v. Tisdale,* 1980 OK 161, 619 P.2d 608, 612.

## III

## INSURANCE PAYMENTS
## CAUSE OF ACTION

■ This case arises from a contract which is a consumer transaction subject to the Oklahoma Uniform Consumer Credit Code (UCCC), 14A O.S.1991, and Supp.1996, §§ 1–101 through 9–101. The retail installment sales contract is a "consumer credit sale" for purposes of the UCCC. *See First Nat'l Bank of Amarillo v. LaJoie,* 537 P.2d 1207 (Okla.1975). Under the UCCC, a seller who pays for performance of a buyer's contractual duty to provide insurance may add the amount paid to the debt. 14A O.S.1991, § 2–208(1).

■ It is undisputed there were times during the term of the contract when Portis failed to provide insurance coverage on the car, though the exact times are disputed. It is also undisputed BOK had the authority to purchase insurance during those periods, and

collect the premiums from Portis. However, Portis disputed BOK's right to such payments due to its alleged failure to comply with § 2–208(1), which states:

> Within a reasonable time after advancing any sums, he [seller] shall state to the buyer in writing the amount of the sums advanced, any charges with respect to this amount, and any revised payment schedule and, if the duties of the buyer performed by the seller pertain to insurance, a brief description of the insurance paid for by the seller including the type and amount of coverages. No further information need be given.

The trial court found the notices sent by BOK failed to meet these requirements. Taking the evidence in a light most favorable to BOK, as we must, we find the trial court correctly determined this issue in favor of Portis. The undisputed facts show BOK clearly failed to state that Portis would be liable for the balloon payment at the end of the contract's term. Instead, the record shows the only information BOK sent Portis within a reasonable time after paying for the insurance was a certificate of insurance prepared by the insurance company. The trial court correctly ruled this failure was a violation of the UCCC.

We disagree with BOK's assertion that the balloon payment did not affect the schedule of monthly payments. Rather, the payment schedule became revised to include the additional balloon payment. The additional payment increased Portis' indebtedness and had to be paid before the revised payment schedule, i.e., the old schedule plus the balloon payment, could be completed and the security interest released. One purpose of the UCCC is to enhance consumer understanding of the terms of credit transactions. 14A O.S.1991, § 1–102(2)(c). The clear intent of § 2–208(1) is to inform the consumer of exactly the type of information BOK failed to provide: that in addition to 60 monthly payments of $258.07, an additional balloon payment in an amount greater than 15 monthly payments would be due. BOK violated the statute by failing to provide the required information to Portis. The trial court's resolution of this issue was correct.

## A.

## DAMAGES

■ The trial court awarded Portis a judgment of $7,856.29, as a "refund" of the amount Portis paid BOK directly and through garnishment, plus the value of the car sold at sheriff's sale, and interest. It awarded BOK a judgment of $293.13, for late charges that accrued under the contract.

■ While § 2–208 requires disclosure of insurance information, it is not technically a disclosure provision. Thus we agree with BOK that the remedies in the disclosure portion of the UCCC are not applicable here. However, we disagree that this is a case of a wrong without a remedy.

■ The UCCC states, "[a] debtor is not obligated to pay a charge in excess of that allowed by this Act, and if he has paid an excess charge he has a right to a refund." 14A O.S.1991, § 5–202(3). The clear intent of this statute is to allow a charge only when it is made in conformance with the Act. Because BOK failed to conform to the Act's requirement concerning notice of its insurance purchase, the resulting charge can be properly said to be "a charge in excess of that allowed by this Act." The refund calculated by the trial court is a proper remedy.

While it appears this point has not been previously decided by our courts, we note the wide scope of § 5–202, and the comments of Professor Frederick Miller, in his *Practitioner's Guide to the Oklahoma Uniform Consumer Credit Code* 339 (1992): "It also is arguable that an excess charge may derive from noncompliance with a required duty, such as a failure to disclose in connection with the performance of duties of the debtor by the creditor (Okla. UCCC §§ 2–208 and 3–208) . . . ." We hold an excess charge results from noncompliance with § 2–208's required disclosure.

We further find no error in the trial court's refusal to grant Portis additional damages. Such damages, under § 5–202(4) are discretionary with the trial court. No abuse of discretion has been shown.

## B.

### PORTIS' COUNTERAPPEAL

■ Portis asserts the trial court erred in granting judgment to BOK for $293.13 for late charges that accrued under the contract. We agree. Although the trial court correctly determined that late charges were due under the terms of the contract, the trial court erred in granting *judgment* to BOK.

■ The late charges represented just one of a number of obligations imposed upon Portis under the terms of the contract. BOK sought to recover insurance payments and late charges due under the contract, and Portis counterclaimed under the provisions of the UCCC applicable to the contract.[1] BOK had one cause of action arising from this contract and could not maintain multiple causes of action for separate elements or items of damage arising from this single transaction, *i.e.*, the contract. *See Retherford v. Halliburton Co.*, 572 P.2d 966 (Okla. 1977). Thus, the trial court erred by granting two judgments, one to each party, on this single cause of action. Only a single cause of action can be predicated on the same set of facts. *Hadnot v. Shaw*, 1992 OK 21, 826 P.2d 978, 987.[2]

The trial court therefore erred in granting a separate judgment to BOK. Accordingly, we must vacate that judgment. When the trial court determined Portis owed $293.13 in late charges under the contract, ordinarily it should have subtracted that amount from the $7,856.29 awarded to Portis. However, the judgment reflects the $293.13 had already been paid. Therefore, there is no reason to modify the amount of the award.

## C.

### ATTORNEY'S FEES

Both parties assert the trial court erred in denying an attorney's fee. BOK contends that because the trial court awarded it a judgment of $293.13 in accrued late charges,

it is the prevailing party in an action (1) to recover on a contract or (2) to enforce a lien. 12 O.S.1991, § 936, and 42 O.S.1991, § 176. Because we have vacated that judgment, it follows BOK is not entitled to an attorney's fee as a prevailing party.

■ The question then becomes whether Portis, as prevailing party, is entitled to an attorney's fee. Portis never sought an attorney's fee under the prevailing party statutes relied on by BOK. Instead, Portis' quest for an attorney's fee is based on the UCCC's § 5–202(8). That section states that in any case where a creditor has violated the UCCC, the trial court *may* award a reasonable attorney's fee to the debtor. We hold the specific language of the UCCC provision controls over the general language of the prevailing party statutes. Under this section of the UCCC, the award of an attorney's fee is a question left to the trial court's discretion. In light of the evidence that Portis failed to maintain insurance in the manner required by the contract, the trial court acted within its discretion in denying Portis an attorney's fee.

■ Alternatively, Portis relies on 14A O.S.1991, § 5–203(1)(c). By its own terms, § 5–203 entitles a party to an attorney's fee for a creditor's failure to comply with § 5–204, which is not applicable here, or for a failure to comply with "provisions on disclosure (Part 3)." The trial court found BOK failed to meet the requirements of § 2–208, which is found in Part 2 of Article 2. It is not found in Part 3. Therefore, § 5–203(1)(c) does not apply.

■ Finally, Portis assumes that because both parties agree one of them is entitled to an attorney's fee, the issue is limited to which one will recover. We disagree. It is well settled that no party is entitled to an attorney's fee unless one is permitted by statute or contract. *Rout v. Crescent Public Works Auth.*, 1994 OK 85, 878 P.2d 1045. The trial court correctly denied an attorney's fee to either party.

---

1. Portis' counterclaim asserted two additional causes of action, which are discussed in parts IV and V of this opinion.

2. An exception to the "one judgment" rule is found in *Smith v. Jenkins*, 1994 OK 43, 873 P.2d 1044. It applies only to comparative negligence litigation and is not applicable here.

## IV

### SECTION 1110(B)(1) CAUSE OF ACTION

■ The trial court granted BOK summary judgment on Portis' cause of action based on 47 O.S.Supp.1996, § 1110(B)(1), which states that if a secured party fails to mail a release of a security interest within seven business days of satisfaction, the secured party is liable to the debtor for damages and a penalty.[3] Because Portis owed $293.13 in late charges on the contract, the contract cannot be said to have been satisfied for purposes of the statute. The trial court's judgment was correct.

## V

### ABUSE OF PROCESS CAUSE OF ACTION

■ The trial court also granted BOK summary judgment on Portis' abuse of process cause of action, which was based on BOK's obtaining the earlier default judgment. The elements of abuse of process are (1) the improper use of the court's process (2) *primarily* for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse. *Greenberg v. Wolfberg*, 1994 OK 147, 890 P.2d 895, 905. Although a party may be motivated by bad intentions, there is no abuse if the court's process is used legitimately for its *authorized* intentions. *Id.*

■ Portis contends the trial court erred because BOK obtained the default judgment after Sheryle Portis had notified BOK's attorney concerning the insurance payments and while a scheduled hearing on the matter was pending. After examining the record, we conclude that, although the parties might disagree as to BOK's motives, or what was promised by BOK's attorney in the conversation with Sheryle Portis, BOK took the default judgment only after Portis failed to file an answer. There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though motivated by bad intentions.

*Id.;* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 121 (5th ed.1984). Additionally, there is no liability where the process is used for its proper and intended purpose, even if it has a collateral effect of exerting pressure for collection of a debt. *Gore v. Taylor,* 1990 OK CIV APP 24, 792 P.2d 432. Because Portis failed to answer, we conclude the trial court correctly granted summary judgment in favor of BOK on this cause of action.

## VI

The trial court's decision granting judgment to BOK for late charges is vacated. In all other respects its decision is affirmed.

AFFIRMED AS MODIFIED.

BOUDREAU and STUBBLEFIELD, JJ., concur.

---

**3.** This is a separate cause of action from that discussed in Part III of this opinion, as it is created solely by the statute.