OSCN Found Document:TRUEL v. ANDOLINI'S, LLC

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 TRUEL v. ANDOLINI'S, LLC
2017 OK CIV APP 12
Case Number: 114137
Decided: 01/20/2017
Mandate Issued: 02/23/2017
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2017 OK CIV APP 12, __ P.3d __

 
JOHN TRUEL, DIXIE M. EVANS, MARY ELLEN KIRKENDALL, JESSICA STERLING, ANDRA ERBAR, SHANA TRUEL, KARA M. SIMPSON, JAMES STERLING, and RENE A. CONNER, SUING INDIVIDUALLY AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED, Plaintiffs/Appellees,
v.
ANDOLINI'S, LLC d/b/a ANDOLINI'S; BODEAN, INC.; BRADY TAVERN, LLC; CATERING CONNECTION, INC.; FOOD AND BEVERAGE IV, INC. d/b/a McGILL'S; McGILL'S 61st, INC.; McNELLIE'S, LLC; MEXICALI BORDER CAFÉ, INC. d/b/a MEXICALI BORDER CAFÉ & BAR; MIS EN PLACE, LLC d/b/a LUCKY'S RESTAURANT; and YOKOZUNA, LLC, Defendants/Appellants,
and
A. AGUIRRE LLC, et al., Defendants.
APPEAL FROM THE DISTRICT COURT OF
CANADIAN COUNTY, OKLAHOMA
HONORABLE GARY E. MILLER, TRIAL JUDGE
AFFIRMED
Mark Henricksen, Lanita Henricksen, HENRICKSEN & HENRICKSEN LAWYERS, INC., Oklahoma City, Oklahoma, for Plaintiffs/Appellees
John M. Hickey, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, and 
Ashley R. Webb, RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, Tulsa, Oklahoma, for Defendants/Appellants
JANE P. WISEMAN, JUDGE:
¶1 Andolini's, LLC d/b/a Andolini's, Bodean, Inc., Brady Tavern, LLC, Catering Connection, Inc., Food & Beverage IV, Inc. d/b/a McGill's; McGill's 61st, Inc.; McNellie's, LLC, Mexicali Border Café, Inc. d/b/a Mexicali Border Café & Bar, Mis En Place, LLC d/b/a Lucky's Restaurant, and Yokozuna, LLC (collectively, Appellants), appeal a trial court order granting the motion to reconsider filed by John Truel, Dixie M. Evans, Mary Ellen Kirkendall, Jessica Sterling, Andra Erbar, Shana Truel, Kara M. Simpson, James Sterling, and Rene A. Conner, individually and on behalf of other persons similarly situated (collectively, Appellees) and vacating previous orders granting Appellants' motions to dismiss. After review, we conclude Appellants failed to show the trial court abused its discretion, and we affirm the trial court's decision to vacate the dismissals. 
FACTS AND PROCEDURAL BACKGROUND
¶2 According to Appellants' brief in chief, Appellees brought this action "against over 700 Oklahoma bars and restaurants to determine whether the methods those establishments used to advertise and solicit sales, and/or the billing methods they used to charge customers for such sales, of certain mixed drinks were contrary to law." Appellants assert that as a condition precedent to Appellees' lawsuit, they needed a declaratory ruling on their "proposed definition of 'advertised price' as contained in Title 37 O.S. § 576." The petitions were not included in the record on appeal. Appellants claim that they and other defendants filed motions to dismiss in which they argued "that the Oklahoma Tax Commission ('OTC') was a necessary party to any determination of what it's [sic] regulations meant." Appellants state, "This appeal stems from Appellants' argument that such joinder was mandatory and from [Appellees'] failure to address this argument to the Court."
¶3 Each Appellant filed a motion to dismiss on September 17, 2012, stating Appellees filed their original petition on February 16, 2011, filed an amended petition on or about August 5, 2011, seeking declaratory judgment, injunctive relief, certification of a class action, and damages for breach of contract, and filed a second amended petition on or about July 30, 2012, requesting declaratory judgment, injunctive relief, certification of a class action, and "claims based upon violations of the Oklahoma Consumer Protection Act ('OCPA'), breach of contract, bad faith or tortious breach of contract, deceit and misrepresentation, conversion, and unjust enrichment." Appellants argued in their dismissal motions:


[Appellees] seek to first have this Court make certain declaratory findings interpreting the rules and regulations promulgated by the Oklahoma Tax Commission ('OTC') related to the gross tax receipts and sales tax levied on the sale of certain alcoholic beverages. Without a favorable interpretation of the OTC's rules by the Court, [Appellees] will be unable to prevail on any of their claims, which are inherently tied to the proper method for calculating liquor and sales tax. 


Appellants maintained that if the court granted declaratory relief, Appellees would "attempt to certify a class action lawsuit against each individual Defendant for various claims based on the alleged collection of excess taxes on the sale of certain alcoholic beverages." 
¶4 Appellants asserted multiple grounds for dismissal: (1) the trial court lacked subject matter jurisdiction to render a declaratory ruling on Appellees' tort claims; (2) Appellees lacked standing to request declaratory rulings pursuant to 37 O.S. § 576(A), which does not create a cause of action for Appellees; (3) the OTC has primary jurisdiction; (4) Appellees failed to join an indispensable party--the OTC--pursuant to 75 O.S. § 306; (5) Appellees also failed to join the OTC as an indispensable party pursuant to 12 O.S. § 2019; (6) Appellees failed to join Tulsa County and the City of Tulsa; (7) Appellees failed to exhaust their administrative remedies; (8) "there is no private right of action to enforce tax collection laws"; (9) failure to state a claim on which relief could be granted; and (10) improper venue. Additionally, some Appellants claimed Appellees' "tort, penalty, and forfeiture claims are barred by the statute of limitations."
¶5 Appellees filed a combined objection to the motions to dismiss in which they stated that "the OTC has no interest which will be impaired by the relief [Appellees] seek here, and it is neither a necessary nor indispensable party." They claimed Appellants "have put forth no valid reason that the OTC needs to be joined in this lawsuit, either as a necessary nor especially as an indispensable party." Appellees argued that they "are not seeking a refund from the OTC." 
¶6 Appellants replied that Appellees failed to address their argument that the OTC is a necessary party to this action pursuant to 75 O.S. § 306. In orders filed January 10, 2013, the trial court granted Appellants' motions to dismiss. 
¶7 In their motion to reconsider the dismissal orders, Appellees stated that the orders were not mailed to them until January 21, 2013, and their motion to reconsider filed January 31, 2013, was therefore timely pursuant to 12 O.S. § 653. Appellees asserted they did address and respond to the question of OTC's joinder, both in their written responses and in oral argument before the trial court. They denied that 75 O.S. § 306 applied:


Section 306 simply does not apply in this instance, because as previously pointed out, [Appellees] have made no allegation whatsoever that they are harmed or even threatened by any administrative rule. Rather, [Appellees] have sued to enforce their rights against individual private parties, which rights come about in part pursuant to statute and applicable administrative rules. Thus, instead of challenging any rules, [Appellees] are relying upon them. 


Appellees additionally argued that District Court Rule 4 did not require dismissal. 
¶8 In their response, Appellants claimed they repeatedly notified Appellees that they failed to respond to Appellants' arguments regarding 75 O.S. § 306. Appellants contended, "Accordingly, it was entirely appropriate for the Court to determine that [Appellees] had conceded that the OTC was a required party under Section 306 and that, since it was not a party, dismissal on these grounds was appropriate." Appellants denied there were any irregularities in the proceedings and asserted Appellees' claims should be dismissed for failure to address 75 O.S. § 306.
¶9 At a hearing on their motion to reconsider, Appellees argued that the court had ruled the previous year that OTC was not an indispensable party. Appellees also claimed that the court addressed the issue at the December 18, 2012, hearing on the motions to dismiss. Appellees argued:


It's really pretty simple. We are suing these particular defendants for violating 37 O.S. 576, where we allege that one or more of my clients purchased a mixed drink, wine, or strong beer, at an advertised price, and that then when one of these defendants, all of these defendants, then required them to pay a price in excess of the advertised price. That's our case. If we prove these facts, we believe we win and we get money from these defendants. We never expect to get anything from the [OTC].


They stated they are not trying to change any rules and are not seeking any recovery from the OTC. According to Appellees, "We suggest that none of these defendants owes a penny of excise tax incurred through the drink sales to the [OTC], unless they have simply failed to pay their bill, which would not have anything to do with this lawsuit." They claimed that Appellants sold drinks at an advertised price and then presented Appellees with a bill for more than the advertised price. 
¶10 Appellants argued that because Appellees failed to specifically address the § 306 argument, "the Court was well within its discretion to deem the issue confessed pursuant to [District Court] Rule 4(C)." They maintain Appellees' arguments regarding joinder of a necessary party pursuant to 12 O.S. § 2019(B) are distinguishable from those presented by 75 O.S. § 306.
¶11 At the March 2013 hearing on Appellees' motion to reconsider, the trial court stated that it had previously ruled that the OTC was not an indispensable party. The court pointed out:


Hours and hours and hours were spent on legal arguments, one of which was the [OTC] is an indispensable party. I heard that from--I couldn't even start to estimate how many defendants made that argument. At the conclusion of the hearing, I found they are not an indispensable party. I found that there is no request for relief from the [OTC], that they are not an indispensable party and that they're not a party and shouldn't be. And if there was a request for relief, that they would be appropriate to be an indispensable party. 
So I thought this issue got resolved a long time ago. I'm a little bit surprised that it keeps coming up. I must admit some fault in this matter. When I was presented with the motions for default, my assumption was that everybody had been to all of these hearings and everybody knew the Court's position. . . . I should have inquired deeper than I did when I granted those defaults. . . . But at this time, I'm going to find that [Appellees] were not in default, that this issue had been addressed very, very, distinctly, in my opinion, and those defaults should not have been issued. And I'll accept the blame for that and the responsibility for that. And at this time, I'm going to vacate those default judgments. I just don't think it's appropriate. 


The trial court granted Appellees' motion to reconsider and vacated its previous orders granting Appellants' motions to dismiss.
¶12 Appellants appeal from this order.
STANDARD OF REVIEW
¶13 The order under review granted Appellees' motion to reconsider and vacated orders of dismissal the court had previously entered. 


A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment or final order, which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title. The meaning and effect of an instrument filed in court depends on its contents and substance rather than on form or title given it by the author.


Horizons, Inc. v. Keo Leasing Co., 1984 OK 24, ¶ 4, 681 P.2d 757 (citation and footnote omitted). We review an "order vacating or refusing to vacate a judgment for abuse of discretion." Schweigert v. Schweigert, 2015 OK 20, ¶ 6, 348 P.3d 696. If we treat the motion to reconsider as a motion for new trial, we also review the trial court's decision for an abuse of discretion. Bank of Okla., N.A. v. Portis, 1997 OK CIV APP 32, ¶ 8, 942 P.2d 249 (citing Graves v. Lewis, 1958 OK 176, ¶ 7, 327 P.2d 672). "To reverse a trial court on the ground of abuse of discretion, we must find that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." Id. (citing Abel v. Tisdale, 1980 OK 161, ¶ 20, 619 P.2d 608). The trial court in this case characterized its previous dismissals as default judgments. If we consider these dismissals as "default judgments," then the following factors must be considered: 


1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not. 


Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480.
ANALYSIS
¶14 Appellants assert that the trial court abused its discretion in vacating the dismissals "without the requisite legal or evidentiary support." Appellants state that "there is no reasonable basis for the Court's decision to vacate the dismissals" because (1) the record does not show Appellees addressed Appellants' § 306 argument, and (2) the trial court erred "when it cavalierly ruled [Appellees'] Title 12 O.S. §2019(B) contentions from unrelated matters, and the Court's decision relative thereto, were dispositive of Appellants['] Title 75 O.S. §306 arguments." Appellants contend that the § 306 arguments were deemed confessed pursuant to District Court Rule 4. District Court Rule 4(e), 12 O.S.2011, ch. 2, app., the rule in effect at the time the motions to dismiss and the objection to the motions were filed, provided: "Any party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days after service of the motion, or the motion may be deemed confessed."[1] 
¶15 It is undisputed that Appellees filed an objection to the motions to dismiss in which they addressed why the OTC was not an indispensable party. Appellants claim that the trial court erred in vacating the dismissals because Appellees failed to address 75 O.S.2011 § 306 which in part provides:


A. The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the county of the residence of the person seeking relief or, at the option of such person, in the county wherein the rule is sought to be applied, if it is alleged the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.
B. The agency shall be made a party to the action.
. . . .
D. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.


75 O.S.2011 § 306 (emphasis added). Although Appellees do not specifically cite § 306, they denied seeking a refund from the OTC and denied claiming the statutes are invalid. Appellees stated in their objection, "The statutes and regulations are valid, and they speak for themselves loud and clear as to what tax collections are required to be made; [Appellees] seek only restatements, not changes, of any statutes or regulations." They claim to seek only a determination of what constitutes advertising within the meaning of 37 O.S. § 576.
¶16 We conclude the trial court did not abuse its discretion in vacating its orders of dismissal. First, the application of Rule 4 did not require the trial court to deem Appellants' motions to dismiss confessed. Rule 4(e) provided: "Any party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days after service of the motion, or the motion may be deemed confessed. District Court Rule 4(e), 12 O.S.2011, ch. 2, app. (emphasis added). When Appellees filed an objection in response to the motions to dismiss, the trial court could not deem the motions confessed pursuant to Rule 4(e). As to the § 306 argument, the trial court was under no obligation to dismiss Appellees' claims on the basis of Rule 4(e); even if the court viewed Appellees' objection to be non-responsive or deficient on this subject, it had discretion to determine whether Appellees' claims withstood Appellants' § 306 grounds for dismissal. Section 4(e) uses the term "may." Because the term "'[s]hall' is ordinarily construed as mandatory and 'may' is ordinarily construed as permissive," Osprey L.L.C. v. Kelly-Moore Paint Co. Inc., 1999 OK 50, ¶ 14, 984 P.2d 194, it was well within the trial court's discretion to decide the validity of Appellants' § 306 dismissal arguments and the sufficiency of Appellees' response to those arguments. 
¶17 "District Court Rule 4 is not self-executing. The trial court must retain some discretion to review motions to ensure that it does not grant relief in violation of the law." Westlake Presbyterian Church, Inc. v. Cornforth, 1996 OK CIV APP 159, ¶ 6, 940 P.2d 1208. The Westlake Court explained:


For example, the proponent of a motion for summary judgment must still carry his burden of showing entitlement. Spirgis v. Circle K Stores, Inc., 743 P.2d 682, 684 (Okla. 1987). Another exception is a motion for new trial. Our Court has held that failure to respond to a motion for new trial will not result in mandatory confession of the motion under District Court Rule 4. Pipes v. Smith, 743 P.2d 1110, 1111 (Okla.App.1987). Also see Record v. Record, 816 P.2d 1139, 1141 (Okla.1991) in which the Supreme Court held that Rule 4 does not apply to motions for new trial and the trial court should consider the merits of the motion even though not accompanied by a brief or citation to legal authority (a requirement of Rule 4(c)).


Id. Put simply, the trial court was under no compulsion to dismiss the action for a perceived failure to address the § 306 issue. The trial court appropriately reviewed the merits of the arguments to see if Appellants were entitled to prevail on this issue. On reconsideration, the trial court found that it had quite some time previously ruled on the indispensable party issue, that it had failed to make that position clear to the parties, that it had erred in granting the motions to dismiss for failure to respond, and that Appellants were not entitled to dismissal on § 306 grounds. We further conclude, as did the trial court, that Appellees addressed the indispensable party arguments--perhaps not to the extent Appellants would have liked, but Appellees clearly addressed in their objection why the OTC was not an indispensable party. 
¶18 The trial court characterized its own decisions regarding the dismissals as "default judgments." As a basic principle, "default judgments are not favored." Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶ 5, 13 P.3d 480. And, "judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice." Id. We see no trial court abuse of discretion in vacating what it determined was a decision by default and in allowing Appellees' claims to be heard on the merits. Appellants have not satisfied us that the trial court abused its discretion in vacating the dismissals in question.
CONCLUSION
¶19 Finding no abuse of discretion, we affirm the trial court's decision to vacate its previous orders dismissing Appellees' claims against Appellants. 
¶20 AFFIRMED.
THORNBRUGH, V.C.J., and BARNES, P.J., concur.
FOOTNOTES
[1] The motions listed in section c are:
1) Motions for extensions of time, if the request is made before expiration of the time period originally prescribed, or as extended by previous orders,
(2) Motions to continue a hearing, pretrial conference or trial,
(3) Motions to amend pleadings or file supplemental pleadings,
(4) Motions to appoint a guardian ad litem,
(5) Motions for physical or mental examinations,
(6) Motions to add or substitute parties,
(7) Motions to enter or vacate default judgments,
(8) Motions to confirm sales,
(9) Motions to stay proceedings to enforce judgments,
(10) Motions to shorten a prescribed time period, and
(11) Motions for scheduling conferences and other settings.
District Court Rule 4(c), 12 O.S.2011, ch. 2, app.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1987 OK CIV APP 45, 743 P.2d 682, 58 OBJ 1702, Spirgis v. Circle K Stores, Inc.
Cited
 1987 OK CIV APP 66, 743 P.2d 1110, 58 OBJ 2613, Pipes v. Smith
Cited
 1996 OK CIV APP 159, 940 P.2d 1208, 68 OBJ 1469, WESTLAKE PRESBYTERIAN CHURCH, INC. v. CORNFORTH
Discussed
 1997 OK CIV APP 32, 942 P.2d 249, 68 OBJ 2250, BANK OF OKLAHOMA v. PORTIS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 85, 816 P.2d 1139, 62 OBJ 2644, Record v. Record
Cited
 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed at Length
 1958 OK 176, 327 P.2d 672, GRAVES v. LEWIS
Discussed
 2015 OK 20, 348 P.3d 696, SCHWEIGERT v. SCHWEIGERT
Discussed
 1980 OK 161, 619 P.2d 608, Abel v. Tisdale
Discussed
 1999 OK 50, 984 P.2d 194, 70 OBJ 1809, Osprey L.L.C. v. Kelly-Moore Paint Co.
Discussed
 1984 OK 24, 681 P.2d 757, Horizons, Inc. v. Keo Leasing Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 653, Time for Filing Application for New Trial
Cited
 12 O.S. 2019, Joinder of Persons Needed for Just Adjudication
Discussed at Length
Title 37. Intoxicating Liquors
 Cite
Name
Level

 37 O.S. 576, Tax on Gross Receipts of Certain Licensee Holders
Discussed at Length
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 306, Validity or Applicability of Rules - Action - Parties - Presumption of Validity - Burden Of Proof When Rule Appealed - Declaratory Judgment
Discussed at Length