**LIBERTY BANK & TRUST COMPANY OF TULSA, N.A., Plaintiff,**

v.

**Ted MURRAY, Appellant,**

and

**Mary Kavanaugh, Appellee,**

and

**Dennis P. Murray, Defendant.**

No. 85230.

Court of Appeals of Oklahoma, Division No. 4.

April 9, 1996.

Rehearing Denied June 11, 1996.

Certiorari Denied Sept. 13, 1996.

Joseph L. Hull, III, Tulsa, for Appellant.

Louis Levy, Louis Levy, Inc., Tulsa, David O. Harris, Jack Maner, Tulsa, for Appellee.

RAPP, Chief Judge.

Ted Murray, the trial court defendant in an interpleader action, appeals the trial court's order denying his request for attorney fees against the other defendant, Mary Kavanaugh.

Murray purchased a $50,000 bond issued by the Tulsa County Home Finance Authority, subject to a trust indenture with First National Bank & Trust Company of Tulsa. The bank notified Murray that the amount of his bond, together with his funds in other accounts, exceeded the $100,000 FDIC insurance limit, and recommended that he add other names as registered owners in order to have full insurance. Murray therefore put the names of his son and his secretary on the bond. The amended bond registration read, "Ted Murray & Dennis R. Murray & Mary Kavanaugh, JT TEN." Plaintiff, Liberty Bank, is the successor trustee under the trust indenture.

Eventually, a mandatory redemption of the bond was called. Murray requested that his son and Kavanaugh assign their interest in the bond to Liberty so that Liberty could pay him the proceeds of the bond. Kavanaugh refused to endorse the bond without an assurance that she would receive a share of the proceeds.

Liberty then filed this action for interpleader and deposited the proceeds of the bond into court. Liberty asked the court to determine the rightful owner of the funds. Murray answered and claimed sole ownership of the bond, denying any donative intent on his part in placing Kavanaugh's name on the bond. He also cross-petitioned against Kavanaugh for intentional and malicious interference with a contractual relationship. Kavanaugh claimed she was the recipient of a gift interest in the bond. Liberty was dismissed from the case but reserved its right to recover attorney's fees and costs.[1]

The trial court entered judgment vesting sole ownership of the bond in Murray, and assessing attorney fees and costs in favor of Liberty against Kavanaugh.[2] Murray filed an application for attorney's fees and costs, which the trial court denied. Murray appeals the denial of attorney's fees.

In his first proposition, Murray asserts that the court should have deemed his amended motion for fees as confessed, because Kavanaugh did not timely respond to the amended motion. In this regard, District Court rule 4(e), 12 O.S.Supp.1995, ch. 2, app., provides:

e. Any party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days of the service of the motion, or the motion shall be deemed confessed.

However, according to *Spirgis v. Circle K Stores, Inc.,* 743 P.2d 682 (Okla.Ct.App.1987) (approved for publication by the supreme court), a court must review the motion on its merits before granting a motion for failure to respond.[3] The court stated that if a motion "is not well-taken, the failure of the opposing party to respond does not mean that the motion must be granted by the court." *Id.* at 684. We must therefore determine whether a legal basis exists to support the motion.

Murray relies on 23 O.S.1991, § 103, in support of his application for attorney's fees. Section 103 provides:

In any action for damages for personal injury except injury resulting in death, or in any action for damages to *personal rights* the court shall, subsequent to adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Upon so finding, the court shall enter a judgment ordering such nonprevailing party to reimburse the prevailing party an amount not to exceed Ten Thousand Dollars ($10,000.00) for reasonable costs, including attorneys fees, incurred with respect to such claim or defense. (Emphasis added.)

It is clear Murray is not entitled to attorney's fees under section 103. Murray's claim is based on a property right—ownership of the bond proceeds—not a personal right. Under Oklahoma law, as a general rule, the trial court may award attorney fees only when empowered to do so by contract or statute. *Garner v. City of Tulsa,* 651 P.2d 1325, 1329-30 (Okla.1982). Thus, the trial court properly denied fees pursuant to this statute.

In addition, Murray requested fees and sanctions pursuant to 12 O.S.Supp.1995, § 2011. This section provides, in part:

B. REPRESENTATIONS TO COURT. By presenting to the court,

1. Liberty Bank is not involved in this appeal.

2. Kavanaugh appealed this judgment and then dismissed her appeal against Liberty only. The court of appeals affirmed the judgment in favor of Murray.

3. *Spirgis* concerned a motion for summary judgment but is also here applicable.

whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1. It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2. The claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3. The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

C. SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subsection B of this section has been violated, the court shall, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subsection B of this section or are responsible for the violation.

The trial court denied fees and sanctions under this section, finding:

Kavanaugh followed legal advice of two separate attorneys in pursuing her legal action. The expert testimony of Joe Dunham sponsored by Defendant Murray at the fee hearing, was that there was no "bad faith" after his review of the files. This Court is of the opinion that a document purporting to grant her ownership

through a joint tenancy justified the actions taken by Kavanaugh.

After record review, we note Murray himself created the situation which resulted in litigation by placing Kavanaugh's name on the bond as a joint tenant. This act created a rebuttable presumption that Kavanaugh possessed an ownership interest in the bond. *See* 60 O.S.1991, § 74. Although Murray satisfactorily rebutted the presumption, it appears Kavanaugh believed she did possess some ownership interest in the bond as a result of Murray's act.[4] Moreover, two attorneys advised Kavanaugh that she had some interest in the bond, and, as against third parties, she did.

Under these circumstances, it cannot be said that the district court abused its discretion in denying Murray's request for fees and sanctions.

The decision of the trial court is therefore affirmed.

TAYLOR, P.J., and REIF, J., concur.

---

4. The apparent "gift" to her would not have been inconsistent with past acts evidenced by the trial court order stating in part:

4. Defendant Ted Murray admits that from time to time, he would give Mary Kavanaugh gifts, including shares of stock, a CD, a Cadillac automobile, jewelry, clothing and use of

a house he owned. Where applicable and necessary, he always titled these gifts in her name alone (automobile, CD, stock). It was his intent to gift not only these gifts, but from time to time, sums of money to her. Thus, it was not unreasonable for Kavanaugh to assume or assert an interest.