2007 OK 86

**Larry WHITE, Petitioner/Appellant,**

v.

**Jonie WHITE, Respondent/Appellee.**

**Nos. 104,994, 104,960.**

Supreme Court of Oklahoma.

Nov. 6, 2007.

Mary Beth Chapman, Bruehl & Chapman, Norman, OK, for Petitioner/Appellant.

Michael L. Mullins, Tracey D. Martinez, Mullins, Hirsch & Jones, P.C., Oklahoma City, OK, for Respondent/Appellee.

COLBERT, J.

¶ 1 The issue in this accelerated matter is whether the trial court ab1used its discretion in applying Rule 4e of the Rules for the District Courts to modify child custody, based on a change of circumstances, without the requisite evidence of (1) a permanent, material, and substantial change of circumstances that (2) directly and substantially impacts adversely the best interests of the child and (3) that the requested modification of custody would further the temporal, moral, and mental welfare of the child. This Court holds that, when custody is disputed, no change in custody may be ordered absent evidence of these three requirements even if Rule 4e, standing alone, would suggest such a result.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Larry White (Father) and Jonie White (Mother) were divorced in 2003. They were granted joint custody of their minor son who is now eleven years old. In November 2005, Father was awarded primary custody upon Mother's relocation to California.

¶ 3 On May 9, 2007, Mother filed a Motion to Modify Custody alleging deficiencies in Father's performance as custodial parent. Father was served with the motion the next day. Counsel for Father failed to file an entry of appearance and failed to respond to the motion with a brief or a list of authorities as required by Rule 4e. However, counsel for Father and counsel for Mother had communicated occasionally concerning the matter and Father's counsel told the bailiff for the assigned judge that she would be the one to represent him. A trial on the motion was scheduled for August 2, 2007.

¶ 4 On that date, the court heard the opening statements of counsel for the parties and a statement by the guardian ad litem who opined that "both parents provide a good home for the minor." At the close of open-ing statements, Wife's counsel requested that the allegations contained in the Motion to Modify Custody be deemed confessed pursuant to Rule 4e. The trial court did so and held that the "confessed" allegations constituted a material change of circumstances. Primary custody was then transferred to Mother. A motion to reconsider was denied on August 16, 2007. An ex parte writ of habeas corpus was issued on August 21, 2007, following Father's failure to relinquish custody, and the child was placed on a flight to California. He arrived the next day and remains in his Mother's custody at this time.

¶ 5 The same day the writ of habeas corpus was issued, Father brought an original action in this Court challenging the trial court's modification of custody. He later brought an appeal from that decision. On September 10, 2007, this Court consolidated the actions, accelerated the appeal, and deferred a decision on Father's emergency application for stay, treating it as a request for a stay pending appeal.

## ANALYSIS

¶ 6 Rule 4e of the Rules for the District Courts provides that "[a]ny party opposing a motion, except those enumerated in section C above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days after service of the motion, or the motion may be deemed confessed." Okla. Stat. tit. 12, ch. 2, app. 1 (Supp.2006). Mother's Motion to Modify Custody does not fall within one of the exceptions enumerated in section C of Rule 4.

¶ 7 The trial court has discretion under Rule 4e which provides that "the motion may be deemed confessed." The permissive term "may" was used because "District Court Rule 4 is not self-executing. The trial court must retain some discretion to review motions to ensure that it does not grant relief in violation of the law." *Westlake Presbyterian Church, Inc. v. Cornforth*, 1996 OK CIV APP 159, ¶ 6, 940 P.2d 1208, 1210. For example, Oklahoma courts have refused to apply the "deemed confessed" language of Rule 4e to: (1) motions for summary judgment, *see Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV

APP 45, ¶¶ 9 & 10, 743 P.2d 682, 684–685 (approved for publication by Supreme Court of Oklahoma)(proponent of motion for summary judgment must still carry burden of demonstrating entitlement); (2) motions for attorney fees, *see Liberty Bank & Trust Co. v. Murray*, 1996 OK CIV APP 39, ¶¶ 6–8, 924 P.2d 781, 783 (award of attorney fees must be supported by law and fact); (3) motions for new trial, *see Record v. Record*, 1991 OK 85, ¶¶ 5–7, 816 P.2d 1139, 1141 (trial court should consider merits of motion even though not accompanied by brief or citation to legal authority); and (4) motions to vacate, *see Westlake*, 1996 OK CIV APP 159, ¶ 6, 940 P.2d at 1210. In this matter, the trial court failed to consider the requirements that must be met before a child's custody can be modified based on the assertion that the circumstances of the parties have changed materially since a prior custody order.

¶ 8 A parent seeking to change custody based on a material change of circumstances must demonstrate "that, since the making of the order sought to be modified, there has been a permanent, substantial and material change of conditions which directly affect the best interests of the minor child." *Gibbons v. Gibbons*, 1968 OK 77, ¶ 12, 442 P.2d 482, 485. That parent must also demonstrate "that, as a result of such change in conditions, the minor child would be substantially better off, with respect to [the child's] mental and moral welfare, if the requested change in custody be ordered." *Id.* These requirements were summarized as a three-prong test in *Daniel v. Daniel*, 2001 OK 117, 42 P.3d 863. There, this Court held that under no circumstances may a modification in custody based on a change of circumstances be effected unless the requesting parent demonstrates:

1) a permanent, substantial and material change in circumstances;

2) the change in circumstances must adversely affect the best interests of the child; and

3) the temporal, moral and mental welfare of the child would be better off if custody is changed to the other parent as requested.

*Id.* ¶ 17, 42 P.3d at 869. These requirements must be demonstrated whether or not there has been compliance with Rule 4e.

¶ 9 In applying the three-prong test "the best interests of the child must be a paramount consideration of the trial court when determining custody and visitation." *Id.* ¶ 21, 42 P.3d at 871. The interests of judicial economy are by far secondary. Rule 4e was not intended to provide a mechanism for default judgment in a request for modification of child custody.

¶ 10 Determinations of the three-prong test are to be based on evidence presented, rather than on the allegations of one party to a child custody dispute. This is true whether or not those allegations are disputed in a response to the motion to modify custody. Rule 4e is not an avenue to circumvent the required showing for a modification in child custody.

¶ 11 The trial court's rigid adherence to Rule 4e in this matter presents a particularly egregious abuse of discretion. In a custody dispute, the trial court's ultimate responsibility is to protect the best interests of the child throughout the judicial proceeding. Here, the lawyer who failed to respond to the Motion to Modify Child Custody had nevertheless spoken with opposing counsel and the trial judge's bailiff concerning scheduling of the hearing. But when the parties, their lawyers, and the witnesses appeared at the hearing, the matter was summarily decided based on allegations which the trial court deemed confessed. Those allegations were clearly inconsistent with the guardian ad litem's statement that "both parents provide a good home for the minor" and that makes the trial court's abuse of discretion in applying Rule 4e all the more blatant.

¶ 12 A custody modification involves the health, safety, and well-being of a minor child. At the same time, it impacts "the right of a parent to the care, custody, companionship and management of his or her child [which] is a fundamental right protected by the federal and state constitutions." *In re Adoption of D.T.H.*, 1980 OK 119, ¶ 18, 615 P.2d 287, 290 (overruled on other grounds). Thus, the parents and the child are entitled to an adversary hearing regard-

ing the existence of a material change in circumstances and a considered determination of the best interests of the child. The best interests of the child can be determined only by the evidence actually presented in an evidentiary hearing. This matter must be remanded to the trial court for such a hearing.

¶13 A request for modification of child custody is far too important to be decided essentially by default under the Rules for the District Courts. Those rules were established to facilitate the adjudication of civil disputes, not to impede the presentation of evidence in a child custody dispute.

¶14 This Court accelerated this matter to minimize disruption to the life of the minor child caused by the court-ordered shifting of his residence to and from California while this matter is resolved. On remand, the trial court is directed to adopt a similar approach and rule promptly on the Motion to Modify Child Custody based on evidence presented in an expedited hearing to be held within forty-five days of the effective date of this opinion. The parties are encouraged to make every effort to minimize the impact of their custody dispute on their minor child.

REVERSED; CAUSE REMANDED FOR EVIDENTIARY HEARING ON MOTION TO MODIFY CHILD CUSTODY.

CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ.