2011 OK CIV APP 92

In re the Marriage of Annotra GUYTON, Petitioner/Appellee,

v.

Victor GUYTON, Respondent/Appellant.

No. 107,275.

Court of Civil Appeals of Oklahoma, Division No. 2.

June 30, 2011.

Annotra Guyton, Oklahoma City, Oklahoma, Pro Se.

Melinda Nelson, Judith A. Ridgeway, The Ridgeway Law Office, Norman, Oklahoma, for Respondent/Appellant.

JOHN F. FISCHER, Vice–Chief Judge.

¶ 1 Victor Guyton (Father) appeals a default judgment in favor of Annotra Guyton (Mother) granting Mother's motion to modify custody and support, and motion to determine outstanding support. Father also appeals the district court's denial of his motion to reconsider and vacate the default judgment, the court's denial of his motion to modify child support, and the award of attorney fees to Mother. These appeals have been consolidated for review by this Court.

Mother failed to file a responsive brief and the cause stands submitted on Father's brief only.[1] After reviewing the record and applicable law, we affirm in part, reverse in part and remand for further proceedings consistent with this Opinion.

## BACKGROUND

¶ 2 The parties were divorced in March 2006 and awarded joint custody of their two minor children. On February 27, 2007, Mother filed a motion to modify child custody and support. On September 28, 2007, Mother filed a motion to determine outstanding support due and owing, seeking child support arrearage (medical) and reimbursement for medical bills incurred prior to the divorce. The motions were set for hearing on November 5, 2007. However, at the pre-trial conference on October 18, 2007, Father's attorney appeared unprepared and without a pre-trial conference statement as required by the pre-trial order. The district court granted Mother's motions by default, over Father's attorney's objection, apparently relying on Rule 5(j), Rules for District Courts, 12 O.S. Supp.2010, ch. 2, app. 1, as a sanction for Father's failure to comply with the pre-trial order. As a result, the court terminated joint custody, awarded sole custody to Mother with visitation for Father,[2] and modified Father's child support by adding an "in kind" benefit to Father's gross monthly income based on the fact that Father had moved in with his mother and was therefore allegedly receiving an $800.00 per month benefit by not paying living expenses. The district court also by default judgment ordered Father to pay past due support in the amount of $1,587.00, and $4,120.50 for outstanding medical expenses incurred prior to the divorce during the birth of one of the couple's minor children.

---

1. "Where there is an unexcused failure to file an answer brief, this Court is under no duty to search the record for some theory to sustain the trial court judgment; and where the brief in chief is reasonably supportive of the allegations of error, this Court will ordinarily reverse the appealed judgment with appropriate directions." *Cooper v. Cooper*, 1980 OK 128, ¶ 6, 616 P.2d 1154, 1156. *See* Oklahoma Supreme Court Rule 1.10, 12 O.S.2001, ch. 15, app.

2. Father did not object to the court's termination of joint custody and award of sole custody to Mother. Father does, however, object to the district court's ruling that the children may not have any contact with anyone Father is romantically involved with unless Father is married to that person.

¶ 3 Father filed a motion to reconsider and vacate the default judgment on October 29, 2007. On November 13, 2007, Mother filed an application for attorney fees. The district court heard arguments on the motion to reconsider and vacate, and the motion for attorney fees on February 1, 2008. The court denied Father's motion to reconsider and vacate the default judgment, and granted Mother's motion for attorney fees in the amount of $9,075.00. On February 4, 2008, Father filed a motion to modify his child support obligation after being terminated from his job. A hearing was held on April 4, 2008, after which the district court denied Father's motion.

¶ 4 Father appeals the orders granting Mother's motions, the denial of his motion to reconsider and vacate, the award of attorney fees to Mother and the denial of his motion to modify child support.

## STANDARD OF REVIEW

¶ 5 The standard of review of a district court's denial of a motion to vacate a default judgment is abuse of discretion. *Patel v. OMH Medical Center, Inc.*, 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194; *Nu–Pro, Inc. v. G.L. Bartlett & Co., Inc.*, 1977 OK 225, ¶ 6, 575 P.2d 618, 619. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895. In Oklahoma a decision on the merits of a case is favored over a default judgment. *See Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480, 482.

¶ 6 Proceedings to modify child support are equitable in nature and we will affirm the district court unless the decision is against the clear weight of the evidence. *See Merritt v. Merritt*, 2003 OK 68, ¶ 7, 73 P.3d 878, 881–82; *Huchteman v. Huchteman*, 1976 OK 174, ¶ 27, 557 P.2d 427, 430. "Modification of child support is within" the district court's discretion, and the court's judgment "will not be reversed on appeal unless it is against [the] clear weight of [the] evidence, or erroneous in [a] respect that causes injustice and reflects abuse of discretion." *Huchteman*, 1976 OK 174, ¶ 27, 557 P.2d at 430. "An award of attorney fees is addressed to the sound discretion of the trial court which decision will not be disturbed absent an abuse of discretion." *Wood v. Wood*, 1990 OK CIV APP 49, ¶ 18, 793 P.2d 1372, 1376. *See Phillips v. Phillips*, 1976 OK 165, ¶ 10, 556 P.2d 607, 610.

## ANALYSIS

### I. Modification of Visitation

¶ 7 After Father failed to respond to her motion to modify custody and support and her motion to determine outstanding support, Mother filed a motion for default judgment on October 16, 2007.[3] Mother's motion for default was to be heard two days later at the pre-trial conference on October 18, 2007, along with Mother's other motions. The district court stated at the hearing on Father's motion to reconsider and vacate that its decision to enter default judgment against Father at the pre-trial conference was based on Rule 5(j), Rules for District Courts, 12 O.S. Supp.2010, ch. 2, app. 1, which provides that a party's "[f]ailure to prepare and file a scheduling order or pretrial order, failure to appear at a conference, appearance at a conference substantially unprepared, or failure to participate in good faith may result in ... sanctions" that include default judgment.[4]

---

3. Rule 4(e), Rules for District Courts, 12 O.S. 2001, ch. 2, app. 1, provides: "Any party opposing a motion, except those enumerated in Section c above, shall serve and file a brief or a list of authorities in opposition within fifteen (15) days after service of the motion, or the motion may be deemed confessed." Mother filed the motion to modify custody and support on February 27, 2007, and the motion for outstanding support was filed on September 28, 2007. Father's response was not filed until October 18, 2007, the date of the pre-trial conference.

4. A court minute from the pre-trial conference indicates default judgment was granted for Father's failure to file a timely answer to Mother's motions. We find that our analysis in this case is not changed based on whether the district court acted pursuant to Rule 4 or Rule 5 in entering default judgment. Both rules serve a similar purpose and are intended to apply to pre-trial procedure.

The district court's journal entry of judgment states that the "order shall be entered by default," finding a "permanent, material, substantial change in circumstances," and that "this change in conditions necessitates restrictions on father's contact with the children." The court determined that pursuant to Rule 5 it had authority to enter a default judgment against Father when counsel for Father appeared at the pre-trial conference substantially unprepared.[5]

¶ 8 Father contends the district court's entry of the default judgment is contrary to the Oklahoma Supreme Court's decision in *White v. White*, 2007 OK 86, 173 P.3d 78. In that case the Court held it was an abuse of discretion to grant a motion to modify a custody order in a contested proceeding based on Rule 4(e), Rules for District Courts, 12 O.S.2001, ch. 2, app. 1, without having a hearing on the merits of the motion. *Id.* ¶ 12, 173 P.3d at 80–81. The Court held:

> [U]nder no circumstances may a modification in custody based on a change of circumstances be effected unless the requesting parent demonstrates: 1) a permanent, substantial and material change in circumstances; 2) the change in circumstances must adversely affect the best interests of the child; and 3) the temporal, moral and mental welfare of the child would be better off if custody is changed to the other parent as requested.

*Id.* ¶ 8, 173 P.3d at 80 (citing *Daniel v. Daniel*, 2001 OK 117, ¶ 17, 42 P.3d 863, 869). "In applying the three-prong test 'the best interests of the child must be a paramount consideration of the trial court when determining custody and visitation.' The interests of judicial economy are by far secondary." *Id.* ¶ 9, 173 P.3d 78 (quoting *Daniel*, 2001 OK 117, ¶ 21, 42 P.3d at 871). The Court specifically held that: "Rule 4e was not intended to provide a mechanism for default judgment in a request for modification of child custody." *Id.* In reversing the district court's custody order in *White*, the Supreme Court found that "the trial court failed to consider the requirements that must be met before a child's custody can be modified based on the assertion that the circumstances of the parties have changed materially since a prior custody order." *Id.* ¶ 7, 173 P.3d 78. *White* holds that in every custody decision "the parents and the child are entitled to an adversary hearing regarding the existence of a material change in circumstances and a considered determination of the best interests of the child." *Id.* ¶ 12, 173 P.3d at 80–81. And, "[t]he best interests of the child can be determined only by the evidence actually presented in an evidentiary hearing." *Id.* "A request for modification of child custody is far too important to be decided essentially by default under the Rules for the District Courts. Those rules were established to facilitate the adjudication of civil disputes, not to impede the presentation of evidence in a child custody dispute." *Id.* ¶ 13, 173 P.3d at 81. We find the Court's analysis equally applicable to Rule 5 and consistent with the determination on the merits required of similarly important motions.[6]

¶ 9 In this case, however, the district court determined *White* was inapplicable because Father did not contest termination of joint custody. We agree that the *White* holding indicates that it was intended to apply to contested custody proceedings. Father acknowledges that he stipulated to the termination of joint custody and award of custody to Mother with visitation for Father.

---

5. The record shows that the district court found Father's conduct during the proceedings demonstrated a "lack of compliance with the court's scheduling order," a "complete lack of preparation, appearance at the pretrial conference without a pretrial statement," and that it was "one of the more egregious wastes of this Court's time" that placed "an undue burden on [Mother]."

6. *See Record v. Record*, 1991 OK 85, 816 P.2d 1139 (finding it was error for the district court to deny a motion for a new trial without addressing the merits of the motion); *Liberty Bank & Trust Co. v. Murray*, 1996 OK CIV APP 39, 924 P.2d 781 (holding the court must review the merits of a motion for attorney fees rather than deeming the motion confessed pursuant to Rule 4); *Westlake Presbyterian Church, Inc. v. Cornforth*, 1996 OK CIV APP 159, 940 P.2d 1208 (finding the court should examine the merits of a motion to vacate before deeming it confessed); *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court) (motions for summary judgment cannot be deemed confessed pursuant to Rule 4 for a party's failure to respond).

Father does not contest the termination of joint custody on appeal and the district court's order is affirmed in this respect.

¶ 10 However, based on the reasoning in *White*, Father does challenge the district court's order to the extent that it imposed visitation restrictions by default judgment. Although the law allows for modification of a child custody order "whenever circumstances render the change proper," 43 O.S.2001 § 112(A)(3), a decision to modify or change custody must be based on a finding of a "material change in circumstances." *See Daniel v. Daniel,* 2001 OK 117, ¶ 17, 42 P.3d 863, 869; *Puett v. Miller,* 2001 OK CIV APP 43, 23 P.3d 979. "[W]hen custody is disputed, no change in custody may be ordered" without a showing of the evidence required by statute, even when district court rules would allow a different result. *White v. White,* 2007 OK 86, ¶ 1, 173 P.3d 78, 79. "The express authority for a court, in a divorce case, to modify or change its prior order concerning the custody of minor children of the marriage involved, including orders made, as herein, subsequent to the final decree of divorce, is" provided by statute. *Gibbons v. Gibbons,* 1968 OK 77, ¶ 4, 442 P.2d 482, 484. *See* 43 O.S.2001 § 112(A)(3). " 'In a proceeding to modify provisions of an order relating to custody of child,' " the applicant bears the " 'burden of proof ... to show a substantial change in conditions since entry of [the] order sought to be modified which bear directly upon welfare and best interest of [the] child....' " *Id.* ¶ 7 (quoting *Young v. Young,* 1963 OK 14, ¶ 0, 383 P.2d 211 (Syllabus 2)). And, " 'provisions for care and custody of minor children may not be modified unless it be shown that the circumstances of the parties have changed....' " *Id.* ¶ 8 (quoting *Ness v. Ness,* 1960 OK 259, ¶ 7, 357 P.2d 973, 975).

¶ 11 In its journal entry of judgment the district court imposed certain restrictions on Father's visitation with the children, including that the children shall have no contact with anyone Father is romantically involved with. Although we recognize the district court's authority to impose restrictions on visitation, the reasoning in *White* requires that such restrictions "be based on evidence presented, rather than on allegations of one party to a child custody dispute." *See White,* 2007 OK 86, ¶ 10, 173 P.3d at 80.[7] Therefore, that portion of the district court's order addressing Father's visitation is vacated. Any restrictions on Father's visitation shall be addressed on remand consistent with the requirements announced in *White.*

II. Mother's Motion to Modify Support

¶ 12 Father also claims it was error for the district court to grant Mother's motion to modify support and determine outstanding medical support by default. Father claims the notice requirements for motions for default judgment were not complied with because Mother filed her motion for default judgment only two days prior to the pre-trial conference. Father correctly points out that district court rules require five days' notice before a motion for default judgment may be granted:

> In matters in default in which an appearance ... has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown.

Rule 10, Rules for District Courts, 12 O.S. 2001, ch. 2, app. 1. In addition, Father claims he did not receive notice Mother's motions would be heard on the date of the pre-trial

---

7. In *White,* the Court further based its opinion on the reasoning that "[a] custody modification ... impacts the right of a parent to the care, custody, companionship and management of his or her child [which] is a fundamental right protected by the federal and state constitutions." *White,* 2007 OK 86, ¶ 12, 173 P.3d at 80 (citations omitted) (alterations in original). Because we base our ruling on the finding that changes to custody or support orders must be based on a showing of the evidence required by law, rather than granted by default judgment as a sanction pursuant to Rule 5, we do not address Father's argument that the holding in *White* should be extended to cases involving "modification of child custody, support and issues incidental to custody and support," because of the impact on fundamental rights.

conference because they were filed after the pre-trial order was issued.

¶ 13 Finally, Father argues that *White* precludes modification of his support obligation and determination of any outstanding support by default. The statutory authority to modify a support order is also provided in 43 O.S.2001 § 112(A)(3), and must be based on a showing of a material change in circumstances. Based on the same reasons stated in Part I of this Opinion, we find that it was error to modify Father's support obligation and determine any outstanding support by default judgment. Father is entitled to a hearing on the merits of these issues on remand.[8]

### III. Father's Motion to Modify Child Support

▆ ¶ 14 Father moved to modify his child support obligation on February 4, 2008, after being terminated from his job. Mother's response to the motion claims Father's termination was due to his own conduct, and that Father had deliberately reduced his income. After hearing the matter on April 4, 2008, the district court denied Father's motion.

▆ ¶ 15 We recognize that modification of support is within the sound discretion of the district court. *Huchteman v. Huchteman,* 1976 OK 174, ¶ 27, 557 P.2d 427, 430. The court is authorized to "impute as gross monthly income for either parent the amount a person with comparable education, training and experience could reasonably expect to earn" if it is equitable to do so. 43 O.S. Supp.2006 § 118(E)(4)(b). "Oklahoma follows the rule that 'equity will normally not favor reduction of a child support obligation where the parent's financial condition is due to his/her fault, or voluntary wastage or dissipation of his/her talents and assets.'" *Parnell v. Parnell,* 2010 OK CIV APP 74, ¶ 8, 239 P.3d 216, 218–19 (quoting *State ex rel. Dep't of Human Servs. v. Baggett,* 1999 OK 68, ¶ 23, 990 P.2d 235, 244). There is evidence in the record supporting the conclusion that Father was terminated from his job due to poor performance. However, in October 2007, at the time Mother's motion to modify support was granted by default, the district court determined that Father's average monthly income was $4,425.92. This amount included $800.00 imputed to Father based on the fact that he was then living with his mother and not required to pay rent. The $4,425.92 figure was used to calculate Father's monthly child support obligation of $854.18.[9]

---

8. Our conclusion is supported by Oklahoma's general jurisprudence regarding default judgments. "Oklahoma views default judgments with disfavor and has an affirmative policy of affording 'every party to an action a fair opportunity to present his side of a cause.'" *Hotels, Inc. v. Kampar Corp.,* 1998 OK CIV APP 93, ¶ 9, 964 P.2d 933, 935 (quoting *Burroughs v. Bob Martin Corp.,* 1975 OK 80, ¶ 23, 536 P.2d 339, 342). "As a sanction, default judgments have been granted only when the … misconduct has been willful and extreme." *Id.* (citing *Amoco Production Co. v. Lindley,* 1980 OK 6, ¶ 18, 609 P.2d 733, 738). Therefore, "granting of a default judgment as a sanction should be a method of last resort, rather than first resort." *Id. See Barnett v. Simmons,* 2008 OK 100, ¶ 18, 197 P.3d 12, 19. Although Father's counsel appeared at the pre-trial conference without a pre-trial statement and unprepared to have a hearing on Mother's motions, "[l]itigants whose counsel may have abused the litigation process should not always be penalized by denying them an opportunity to litigate their claim on the merits." *Durant Civic Found., Inc. v. The Grand Lodge of Okla. of the Indep. Order of Odd Fellows,* 2008 OK CIV APP 54, ¶ 16, 191 P.3d 612, 617. Additionally, Mother filed the motion for default judgment only two days prior to the pre-trial hearing. "Parties who make an appearance cannot be adjudged in default without advance notice." *Enochs v. Martin Properties, Inc.,* 1997 OK 132, ¶ 13, 954 P.2d 124, 129. *See Durant Civic Found., Inc.,* 2008 OK CIV APP 54, ¶ 11, 191 P.3d at 615 ("Where … an entry of appearance has been filed, Rule 10 requires notice to the defaulting party in advance of any hearing on the motion for default judgment"). And, the record does not indicate that the district court "considered the efficacy of lesser sanctions" before imposing "the most severe sanction allowed by the statute, the granting of a default judgment." *Hotels, Inc.,* 1998 OK CIV APP 93, ¶ 15, 964 P.2d at 936. "Only when the aggravating factors outweigh the Oklahoma judicial system's strong predisposition to resolve cases on their merits is default judgment an appropriate sanction." *Id.* ¶ 19, 964 P.2d at 937. *See Barnett,* 2008 OK 100, ¶¶ 18, 26, 197 P.3d at 19, 21.

9. The court cited Father's conduct that included failure to comply with discovery requests and the scheduling order, and that Mother had to institute contempt proceedings against Father to compel compliance.

¶ 16 "[I]n-kind payments received by a parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal living expenses. Such payments may include . . . free housing. . . ." 43 O.S. Supp.2006 § 118(E)(3)(e) (amended by Laws 2007, HB 2195, ch. 1, § 25, emerg. eff. February 22, 2007 (amended by Laws 2008, SB 2194, ch. 407, § 1, eff. July 1, 2009)). The language of the statute makes clear that such in kind benefits are those "received by a parent in the course of employment." *Id.* Consequently, money Father may have saved on living expenses by moving in with his mother are not covered by the statute. The denial of Father's motion to modify left his support obligation at $854.18 based in part on the $800.00 of income imputed to Father as a result of granting of Mother's motion to modify support by default. For the reasons stated in Part II, Father is entitled to a hearing on this issue. The order denying Father's motion to modify is vacated, and the appropriate amount of Father's child support obligation shall be determined on remand.

### IV. Attorney Fees

¶ 17 Finally, Father argues that the district court erred in awarding Mother $9,075.00 in attorney fees. We will not reverse the district court's award of attorney fees unless that award appears to be an abuse of discretion. *Hester v. Hester,* 1983 OK 50, ¶ 7, 663 P.2d 727, 729. At the hearing on Mother's motion for attorney fees counsel for Father stipulated to the reasonableness of those fees and stipulated that Mother actually incurred these fees. Father's only contention is that it was error to order him to pay any amount of these fees. The statutory authority to award attorney fees in an action for modification of a custody and support agreement allows such an award upon "a judicial balancing of the equities" in the case. *Thielenhaus v. Thielenhaus,* 1995 OK 5, ¶ 19, 890 P.2d 925, 934–35 (holding that an attorney fee award does not "depend on one's status as prevailing party in the case," but is "granted only to that litigant who qualifies for the benefit through the process of a judicial balancing of the equities"). *See* 43 O.S.2001 §§ 110, 111.1 Pursuant to this standard a court may consider the behavior of the parties to an action, including "whether either party unnecessarily complicated or delayed the proceedings, or made the subsequent litigation more vexatious than it needed to be. . . ." *Finger v. Finger,* 1996 OK CIV APP 91, ¶ 14, 923 P.2d 1195, 1197–98. The district court in this case based its award of attorney fees on Father's conduct during the proceedings. We find the record indicates that Father's behavior in this case warrants the assessment of attorney fees, and that it was not an abuse of discretion for the district court to award such fees.[10]

### CONCLUSION

¶ 18 Father claims the district court erred by entering judgment by default in favor of Mother modifying child visitation and support, and determining Mother was entitled to outstanding support. The district court entered its order as a sanction pursuant to Rule 5(j) based on Father's failure to comply with the court's pre-trial order. We find it was error to grant Mother's motions by default without conducting a hearing on whether Mother demonstrated a material change in circumstances, as required by law, and therefore reverse the district court's decision on this matter. We vacate the district court's order denying Father's motion to modify support and remand for further proceedings to determine the proper amount of Father's child support obligation, any outstanding support and any limitations on Father's visitation. We affirm the district court's award of attorney fees to Mother.

¶ 19 **AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, P.J., and WISEMAN, J., concur.

---

10. We note that the district court further had authority to award attorney fees pursuant to Rule 5 for non-compliance with pre-trial orders.