2004 OK CIV APP 6

**Jason Dee NELSON, Plaintiff/Appellee,**

**v.**

**Angie Elaine NELSON, a/k/a Angie Elaine Parmley, Defendant/Appellant.**

**No. 98,804.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 23, 2003.

James E. Wallace, Grove, OK, for Appellee.

Kathy Lungren Baker, Grove, OK, for Appellant.

Opinion by JOHN F. REIF, Judge.

¶ 1 The issue presented on appeal is whether the trial court erred in changing custody of the parties' two sons, ages 12 and 7, from Mother to Father. In changing custody, the trial court considered the preference of the older child and expressly found the preference to be "an intelligent determination [by the child] to live with ... his natural father." The court also considered the preference of the younger child due to a "strong bond" between the brothers and concluded "the boys should not be separated" in order to avoid jeopardizing that bond. On appeal, Mother argues that these reasons are not sufficient to support the change of custody, particularly in light of the trial court's ruling that Father "failed to demonstrate a material, substantial and permanent change in circumstance necessary to require a modification of the current child custody arrangement." For the reasons that follow, we disagree with Mother and affirm.

¶ 2 "[W]here a change of custody is sought because a child has asked for the change, the child's interests are best served by [1] 'serious consideration' of the prefer-

ence and reasons for it, ... and [2] 'in-depth judicial assessment' of the current custodial arrangement." *Nazworth v. Nazworth,* 1996 OK CIV APP 134, ¶ 6, 931 P.2d 86, 88 (citation omitted). "[W]here the preference is explained by the child and good reasons for the preference are disclosed, the preference and supporting reasons will justify a change of custody." *Id.* at ¶ 4, 931 P.2d at 88 (citation omitted).

¶ 3 The legislature has recently provided that "[i]f the child is of a sufficient age to form an intelligent preference [as to which of its parents the child wishes to have custody], the court *shall consider* the expression of preference or other testimony of the child in determining custody." 43 O.S. Supp.2002 § 113(B)(2) (emphasis added). The legislature has recognized that "[t]here shall be a rebuttable presumption that a child who is twelve (12) years of age or older is of a sufficient age to form an intelligent preference." 43 O.S. Supp.2002 § 113(B)(3). While the court is not bound by the custody preference expressed by a child twelve or older, the court must explain a custody determination that does not follow the expression of preference. 43 O.S. Supp.2002 § 113(B)(2). The provisions of § 113 apply to "*any* action or proceeding in which a court must determine custody." 43 O.S. Supp.2002 § 113(A) (emphasis added).

¶ 4 Under both case law and statutory law, a well-founded custody preference by a child will support a change of custody without proof of any other change of circumstance. Accordingly, we hold the trial court did not err in changing custody in the instant case, even though Father "failed to demonstrate a material, substantial and permanent change in circumstance," other than the preference of the children.

¶ 5 "[C]ustody orders will not be disturbed on appeal unless found to be against the clear weight of the evidence."

*Hoedebeck v. Hoedebeck,* 1997 OK CIV APP 69, ¶ 12, 948 P.2d 1240, 1243 (citations omitted). "In reviewing such custody orders, deference will be given to the trial court since the trial court is better able to determine controversial evidence by its observation of the parties, the witnesses and their demeanor." *Id.* at ¶ 10, 948 P.2d at 1243 (citation omitted).

¶ 6 "One who challenges the trial court's determination on custody, based on the best interests of the children, has the burden of demonstrating an abuse of discretion, and must put forth the evidence relied upon to establish the trial court's error and must affirmatively show how this evidence shows the trial court's decision to have been contrary to the children's best interests." *Id.* at ¶ 11, 948 P.2d at 1243 (citations omitted). "Absent such a showing, the trial court's determinations are presumptively correct." *Id.*

¶ 7 The record on appeal in the instant case does not include a transcript or narrative statement. Without such evidentiary sources, Mother cannot "affirmatively show [that] the trial court's decision [is] contrary to the children's best interests" or that the trial court acted against the clear weight of the evidence in finding "the two minor children of the marriage, both of whom clearly and intelligently represented a preference to live with ... their natural father." Given the state of the record, the trial court's change of custody is "presumptively correct" and is AFFIRMED.

GOODMAN, P.J., and RAPP, J., concur.