2008 OK CIV APP 63

**Laura Kay HOGUE (now Gamino), Plaintiff/Appellant,**

v.

**Robert J. HOGUE, III, Defendant/Appellee.**

**No. 103,685.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 18, 2008.

Rehearing Denied June 12, 2008.

 

 
 
 

 

 .

William R. Cathey, T. Carter Steph, Oklahoma City, OK, for Plaintiff/Appellant.

Charles O. Schem, Hester Schem Hester & Batson, Oklahoma City, OK, for Defendant/Appellee.

BAY MITCHELL, Vice Chief Judge.

¶ 1 Plaintiff/Appellant Laura Kay Hogue, now Gamino, (Mother) appeals from the decision of the trial court modifying custody of fifteen-year-old RJH to Robert J. Hogue, III, (Father), and giving Mother standard visitation. The court also calculated child support based on a decrease in Father's income, and ordered Mother to pay child support from the date Father filed the motion to modify. We affirm the change in custody, but reverse and remand the award of child support.

¶ 2 Mother and Father divorced in 1997. They had two children, RMH (daughter), who was born in 1987, and RJH, who was born in 1990. Mother was initially awarded custody of both children. In *2003*, Father successfully moved to modify custody of their daughter. Daughter had expressed a preference to live with Father, and there was also conflict between her and Mother. The court denied Father's motion to increase visitation with RJH.

¶ 3 Father filed the current motion to modify custody on January 12, 2005, based on RJH's preference to live with Father. In addition, Father alleged Mother and RJH did not get along well, and Mother did not foster a good father-son relationship. Following a hearing in December 2005, at which the court heard from Mother, Father, daughter, and took testimony from RJH *in camera*, the court granted Father's motion to modify custody of RJH.

¶ 4 Mother raised six propositions of error: 1) the court placed too much weight on RHJ's preference, and did not find a material change in circumstances from the prior modification in 2003; 2) the court erred in excluding evidence of Father's parenting of daughter in determining RJH's best interests; 3) the court failed to state why it excluded attorneys from RJH's *in camera* testimony; 4) the court abused its discretion by calculating child support based on Father's last three pay stubs instead of evidence regarding Father's income presented at trial; 5) the court abused its discretion by modifying child support as of the date Father filed the motion to modify custody; and 6) the court abused its discretion by refusing to consider evidence of unreimbursed medical expenses.

¶ 5 "On appeal, this Court will not disturb the trial court's judgment regarding custody absent an abuse of discretion or a finding that the decision is clearly contrary to the weight of the evidence." *Daniel v. Daniel*, 2001 OK 117, ¶ 21, 42 P.3d 863, 871. The burden is on the appealing party to show that the decision is contrary to the child's best interests. *Id.*

## PREFERENCE OF RJH AND CHANGE OF CIRCUMSTANCES

¶ 6 Mother contends the court abused its discretion by modifying custody, because Father failed to show any change of circumstances had occurred after his 2003 motion to modify visitation. Mother acknowledges that RJH prefers to live with Father, but argues that this preference has not changed since the visitation hearing. Mother contends that if a child expresses a preference to modify custody under 43 O.S.2001 § 113[1] and the

1. Title 43, section 113 provides in relevant part:
 A. In any action or proceeding in which a court must determine custody or limits of or period of visitation, the child may express a preference as to which of its parents the child wishes to have custody.
 B. 1. The court shall determine whether the best interest of the child will be served by the child's expression of preference as to which parent should have custody or limits of or period of visitation rights of either parent. If the court so finds, the child may express such preference or give other testimony.
 2. If the child is of a sufficient age to form an intelligent preference, the court shall consider the expression of preference or other testimony

motion is denied, *a change in circumstance is required in addition to the child's preference* to support a second motion to modify custody.

¶ 7 "Under both case law and statutory law, a well-founded custody preference by a child will support a change of custody *without proof of any other change of circumstance.*" *Nelson v. Nelson*, 2004 OK CIV APP 6, ¶ 4, 83 P.3d 911, (emphasis added); *see also Eimen v. Eimen*, 2006 OK CIV APP 23, ¶ 15, 131 P.3d 148, 152 (order denying custody modification was against evidence where teenage children preferred to live with father and felt split custody was disruptive); *Nazworth v. Nazworth*, 1996 OK CIV APP 134, ¶ 2, 931 P.2d 86, 87–88 (court erred by entering directed order on a motion to modify custody without hearing from child, where 13–year–old child had expressed preference to live with father). The Oklahoma Supreme Court has cautioned that "the whims, wants and desires of a minor child are not the criteria for determining which parent should be granted custody of a minor child, although the court or judge may consider the preference of a child who is of sufficient age to form an intelligent preference." *Davis v. Davis*, 1960 OK 196, ¶ 11, 355 P.2d 572, 575. However, as long as the child explains good reasons for the preference, the preference and supporting reasons will justify a change of custody. *Nazworth*, ¶ 4, 931 P.2d at 88.

¶ 8 Here, when the earlier motion to modify visitation was filed on July 31, 2002, RJH was only eleven years old. He had turned twelve by the time of the hearing on that motion to deny visitation. RJH expressed a desire to spend more time with Father at the visitation hearing, but he did not express a preference to change custody at that time. The court denied Father's motion to increase visitation, but the reasons for the court's decision are not in the record.[2] When RJH testified at the December 2005

hearing he was 15 years old. He was intelligent and articulate, and expressed a well-founded custody preference to live with Father. The court properly gave careful consideration to the custody request. *Nazworth*, ¶ 6, 931 P.2d at 88 (where change of custody is requested because child has asked for the change, child's interests are best served by serious consideration of child's preference).

¶ 9 We find the court did not abuse its discretion in modifying custody, even though the court did not find Father had shown a material change other than RJH's preference to support the modification of custody. We have carefully reviewed the record, and find RJH's preference was based on valid reasons that justified the change in custody.

## EVIDENCE OF FATHER'S PARENTING OF DAUGHTER

¶ 10 Mother next argues the court abused its discretion by excluding evidence of the manner in which Father had parented daughter after she moved in with Father. Mother asserts Father has a lax discipline style, which was detrimental to their daughter. Mother wanted to use this evidence to show the court that it would not be in RJH's best interest to live with Father.

¶ 11 We have reviewed the entire record and find this proposition of error to be without merit. Mother was allowed to introduce substantial evidence on this issue. She even subpoenaed daughter to testify about her experience in Father's house. Mother was allowed to ask daughter numerous questions about Father's parenting style and about specific events that occurred while she was in Father's custody. Daughter, however, did not substantiate Mother's allegations that being with Father would not be in RJH's best interests. The court did not abuse its discretion by excluding some evidence on this issue. Further, the court did not abuse its

of the child in determining custody or limits of or period of visitation. The court shall not be bound by the child's choice and may take other facts into consideration in awarding custody or limits of or period of visitation. . . .

3. There shall be a rebuttable presumption that a child who is twelve (12) years of age or

older is of a sufficient age to form an intelligent preference.

43 O.S. Supp.2002 § 113.

2. The only part of the prior motion to modify visitation that is included in the appellate record is the Journal Entry of Judgment.

discretion by finding that following RJH's preference and modifying custody would be in RJH's best interest.

## EXCLUDING ATTORNEYS FROM *IN CAMERA* TESTIMONY

■ ¶ 12 Next, Mother contends the court erred by failing to state the specific reasons the attorneys could not be present during the *in camera* testimony of RJH.[3] We find this proposition to be without merit. RJH knew Mother's attorney socially because Mother and her attorney had previously dated. The court stated on the record that RJH would be more open and candid in discussing his preference with the judge without the attorneys present. Sufficient reason was stated. The court did not abuse its discretion by excluding the attorneys or by not allowing further argument on this issue.

## ESTABLISHING FATHER'S INCOME FOR CHILD SUPPORT PURPOSES

¶ 13 Mother next contends the court abused its discretion by decreasing Father's income to $2,535 per month based on three pay stubs submitted after the trial. Mother argues the court's ruling was contrary to the evidence introduced at trial.

¶ 14 During the 2003 custody modification, the court set Father's income at $4,167 per month. At trial, Father introduced his 2004 income tax return, which showed his income before adjustments was approximately $45,000 ($3,750 per month). Father testified that he was a loan officer who was paid solely on commissions. He also testified that his income had been "slightly lower" in 2005. His gross monthly income from commissions was about $3,000, but fluctuated month-to-month. Father admitted, however, that he received additional income in addition to his commissions. He was a paid football official, received oil royalties, and had another job with a merchandising company. Significantly, Father testified that his average monthly income from all sources in 2005 was *between $3,200.00 and $3,500.00.*

¶ 15 Despite Father's testimony and the 2004 income tax return, the court did not rule on the issue of Father's income to establish child support. Instead, the court stated, "I don't think the attorneys or parties need me to address that." The court ordered the parties to exchange their three most recent pay stubs after the trial and calculate child support based on the pay stubs. Father prepared the proposed child support order, which decreased his income from $4,167 to $2,535 per month. He then filed a Motion to Settle the Journal Entry. Mother objected on the ground that basing Father's income on his pay stubs was contrary to the evidence at trial. The trial court set Father's income at $2,535 for child support purposes.

■ ¶ 16 We find that establishing Father's income based on his last three pay stubs was an abuse of discretion and against the clear weight of the evidence. Father clearly testified that he received additional income, which would not be included on his pay stubs. Father also admitted making somewhere between $3,200 and $3,500 in an average month. Finally, he introduced his 2004 taxes showing an income of approximately $3,750 per month, and testified his income was only slightly lower in 2005. Disregarding this additional evidence resulted in an $800 per month decrease from Father's lowest estimate of his monthly income. We reverse and remand the child support order, with instructions for the trial court to determine Father's income based on the testimony and evidence presented at trial. Father's income should be set at an amount no lower than $3,200 per month.

## DATE OF CHILD SUPPORT MODIFICATION

■ ¶ 17 Mother next contends the trial court erred by modifying child support as of the date Father filed the Motion to Modify. The court, in its December 2005, ruling, modified support for both RJH and daughter, effective January 12, 2005, the date the mo-

---

**3.** The child's testimony regarding preference may be taken by the court in chambers without parents or other parties present. 43 O.S. Supp. 2002 § 113(C). However, if attorneys are not allowed to be present, the court must state the reasons on the record. *Id.*

tion to modify was filed. Mother points out that Father's request for child support was incidental to his motion to modify to gain custody of RJH. She argues that her obligation to pay support should thus not arise until Father actually becomes the custodial parent. Mother also contends modification of support for daughter was not even requested.

¶ 18 The legal basis for making a modification of support effective as of the date it is requested is found at 43 O.S. Supp.2004 § 118(E)(16)(a)(4) which states, "An order of modification [of child support] shall be effective upon the date the motion to modify was filed, unless the parties agree to the contrary or the court makes a specific finding of fact that the material change of circumstance did not occur until a later date."

¶ 19 Attempting to apply § 118(E)(16)(a)(4) in this case leads to a nonsensical result. The statutory language assumes that the change in circumstances is something other than a change in the custodial parent. In fact, it assumes there is no change in the custodial parent. Father was seeking a modification of custody and requested that child support be modified accordingly. The change of circumstances that would justify modifying support was the change in custody which did not occur until December 2005. To order that child support be modified effective eleven months before the change of circumstances even occurred is an incongruous result that could never have been intended by the legislature. This statute simply has no application or relevance to this case.

¶ 20 At some point this custody modification proceeding became confused with one for modification of support. Obviously, where custody is changed from one parent to the other there will have to be a new support order. But the new support obligation would only arise when the change in custody actually occurs. To the extent the modification of child support was to be effective prior to the actual change of custody, it is reversed and this case is remanded for further proceedings to redetermine child support consistent herewith.

UNREIMBURSED MEDICAL EXPENSES

¶ 21 Finally, Mother contends the court erred by refusing to consider her evidence of unreimbursed medical expenses. However, the court did consider this evidence and ruled against Mother. This ruling was stated both on the record and in the Journal Entry of Judgment. This proposition of error is without merit.

¶ 22 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

BUETTNER, P.J., and BELL, J., concur.