OSCN Found Document:LOWRY v. LEWIS

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 LOWRY v. LEWIS
2014 OK CIV APP 9
Case Number: 110995
Decided: 12/20/2013
Mandate Issued: 01/14/2014
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2014 OK CIV APP 9, __ P.3d __

STEPHANIE DAWN LOWRY, Petitioner/Appellant,
v.
BOBBY SHAWN LEWIS, Respondent/Appellee.



APPEAL FROM THE DISTRICT COURT OF BRYAN COUNTY, OKLAHOMA

HONORABLE MARK R. CAMPBELL, TRIAL JUDGE



AFFIRMED



Jeremy S. Elliott, Durant, Oklahoma, for Petitioner/Appellant
Chris D. Jones, JONES LAW, PC, Durant, Oklahoma, for Respondent/Appellee




JANE P. WISEMAN, JUDGE:


¶1 Stephanie Dawn Lowry (Mother) appeals the trial court's order granting the motion to modify custody filed by Bobby Shawn Lewis (Father). After review of the relevant facts and law, we affirm the trial court's decision.

FACTS AND PROCEDURAL BACKGROUND

¶2 In November 2005, a decree of divorce and dissolution of marriage was filed awarding Mother custody of the minor child, FIL, born in May 2000. Father was awarded visitation "in accordance with the Court's Standard Visitation Schedule." On July 11, 2008, Mother filed both a motion to modify child support and visitation and an application for contempt citation. On December 9, 2008, a journal entry of judgment was entered updating child support, among other things.

¶3 On May 29, 2012, Father filed a motion to modify the divorce decree seeking custody of FIL. Father requested this modification after Mother relocated to Decatur, Texas, with FIL and FIL expressed a preference to live in Oklahoma with Father. Although Mother filed an application for contempt and an amended answer and counterclaim soon thereafter, neither the appellate record nor the docket sheet reflects any response by Mother to Father's motion to modify.

¶4 After a hearing on Father's motion to modify which included visiting with FIL in chambers out of the presence of the parties and their attorneys, the trial court awarded custody to Father. In an order filed July 31, 2012, the trial court awarded primary custody to Father, reasonable visitation to Mother, and recalculated child support.

¶5 Mother appeals the trial court's custody decision.

STANDARD OF REVIEW

¶6 We review a decision of the trial court on a motion to modify custody to determine if the "court's decision is clearly against the weight of the evidence so as to constitute an abuse of discretion." Williamson v. Williamson, 2005 OK 6, ¶ 5, 107 P.3d 589, 591. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." In re BTW, 2008 OK 80, ¶ 20, 195 P.3d 896, 908.

ANALYSIS

¶7 Mother argues the trial court erred in granting Father's motion to modify custody because the court based its decision "solely on the testimony of the minor child," misapplied Oklahoma law regarding consideration of a child's preference, and erred in finding Father met his "burden of proof required to change custody."

¶8 Mother relies primarily on the case of Ynclan v. Woodward, 2010 OK 29, 237 P.3d 145, to support her contention that "the trial court erred in ruling on [the] motion solely on the testimony of the minor child." Mother cites the following language in Ynclan:



The preference of the child is only one of many factors to be considered when determining the child's best interest concerning custody. It should never be the only basis for determining custody.



Id. at ¶ 13, 237 P.3d at 151 (footnotes omitted).

¶9 An important distinction in this case is that Ynclan involved an initial custody decision, not a modification of custody from one parent to the other. After Ynclan was issued on March 23, 2010, the Oklahoma Supreme Court issued a second case on December 7, 2010, styled Foshee v. Foshee, 2010 OK 85, 247 P.3d 1162. Foshee involved the termination of a joint custody order and award of sole custody to mother. Id. at ¶ 1, 247 P.3d at 1163. As in Ynclan, the Supreme Court in Foshee again held that "the preference of the child is just that--a preference. We have never held that child preference is 'the' deciding factor when determining custody or modifying custody." Id. at ¶ 13, 247 P.3d at 1166. The Supreme Court stated the following in Foshee in regard to a child's preference in an initial or modification of joint custody case versus a modification of custody from one parent to the other:



The father relies on several cases from our Court of Civil Appeals in support of his argument. The Court of Civil Appeals opinions are not binding on this Court, but even if they were, Hogue v. Hogue, 2008 OK CIV APP 63, 190 P.3d 1177 and Nelson v. Nelson, 2004 OK CIV APP 6, 83 P.3d 911 both involve the children's preference when modifying custody from one parent to the other, not modifying or terminating joint custody which is altogether different. In that context, we have not addressed the appropriate weight to be given to a child's preference when the child's change of preference is the only change which has occurred, nor do we do so today.



Id. at n. 6, 247 P.3d 1162. We find the Ynclan and Foshee decisions are distinguishable from the present case on the issue of child preference as the present case involves modification of custody from one parent to the other.

¶10 Mother further asserts the trial court erred in applying the standards set out in Nazworth v. Nazworth, 1996 OK CIV APP 134, 931 P.2d 86, and Nelson v. Nelson, 2004 OK CIV APP 6, 83 P.3d 911.

¶11 In Nazworth v. Nazworth, 1996 OK CIV APP 134, 931 P.2d 86, a question on appeal was whether the trial court erred in denying the father's motion to change custody from the mother to the father. Id. at ¶ 1, 931 P.2d at 87. The Court of Civil Appeals held that "where a change of custody is sought because a child has asked for the change, the child's interests are best served by 'serious consideration' of the preference and the reasons for it . . . and 'in depth judicial assessment' of the current custodial arrangement." Id. at ¶ 6, 931 P.2d at 88 (citations omitted). The Nazworth Court went on to explain that "[i]t may well turn out that the change of custody is not in the child's best interests, but such a determination cannot be made fairly and reasonably without hearing from the child." Id.

¶12 In Nelson v. Nelson, 2004 OK CIV APP 6, 83 P.3d 911, the issue on appeal was "whether the trial court erred in changing custody of the parties' two sons, ages 12 and 7, from Mother to Father." Id. at ¶ 1, 83 P.3d at 912. The trial court found the older child's preference to live with father to be an intelligent determination. Id. The trial court also considered the preference of the younger son because of the "'strong bond' between the brothers and concluded 'the boys should not be separated' in order to avoid jeopardizing that bond." Id. On appeal, the mother argued "these reasons are not sufficient to support the change of custody, particularly in light of the trial court's ruling that Father 'failed to demonstrate a material, substantial and permanent change in circumstance necessary to require a modification of the current child custody arrangement." Id.

¶13 The Court of Civil Appeals in Nelson held as follows:



Under both case law and statutory law, a well-founded custody preference by a child will support a change of custody without proof of any other change of circumstance.[1] Accordingly, we hold the trial court did not err in changing custody in the instant case, even though Father "failed to demonstrate a material, substantial and permanent change in circumstance," other than the preference of the children.



Id. at ¶ 4, 83 P.3d at 913. The Court in Nelson found it unnecessary for the father to meet the burden of proof outlined in Gibbons in order to change custody as long as the minor child's preference was well-founded pursuant to the requirements set forth in Nazworth and 43 O.S. Supp. 2002 § 113.[2]

¶14 As a general rule, "[a] parent seeking to change custody based on a material change of circumstances must demonstrate 'that, since the making of the order sought to be modified, there has been a permanent, substantial and material change of conditions which directly affect the best interests of the minor child.'" White v. White, 2007 OK 86, ¶ 8, 173 P.3d 78, 80 (quoting Gibbons v. Gibbons, 1968 OK 77, ¶ 12, 442 P.2d 482, 485). "The parent must also demonstrate that, as a result of such change in conditions, the minor child would be substantially better off, with respect to [the child's] mental and moral welfare, if the requested change in custody be ordered.'" Id.

¶15 The trial court's order reflects that at the time of the hearing, FIL "was just over twelve (12) years old" and "exceedingly intelligent, mature, articulate, forthcoming and honest." The trial court found that FIL has "a deep affection for both of her parents, as well as for her extended family," and she expressed concern about the effect the custody decision would have on her parents. The court stated that based on its in camera conversation with FIL, "it is abundantly clear that [FIL] is safe and loved in the home of both her father and her mother" and "it is readily apparent [FIL] will continue to have a positive and happy relationship with both of her parents in the future." As to FIL's preference to live with Father, the trial court stated:



[FIL] is steadfast in her desire to spend time with both of her parents, but she also seems to be equally determined to live primarily with her father. One reason that [FIL] seems to want to live primarily with her father is the geographical fact that her father lives here in Bryan County where [FIL] has a large extended family with whom she is very close (including an older brother, grandmother, aunts and cousins). It is clear that [FIL] has been considering her desire to live with her father for almost two (2) years, and that her choice is something that she has carefully weighed. The undersigned is convinced that [FIL's] choice to live primarily with her father has not been the subject of any undue parental or other adult influence.
. . . .
Clearly, no judge should acquiesce to the request of a child to make a significant change in custody and/or visitation without carefully weighing whether or not the child is both old enough and mature enough to have the request taken seriously. Additionally, no such preference should be considered unless the judge then determines that the custodial change requested is one that has been carefully and thoughtfully arrived at by the child making the request. For the foregoing reasons, there is no doubt to the undersigned that all of the criteria have been met so that [FIL's] preference should (and will) be given a great deal of credence by this Court.
. . . .
The Court finds that all of the above is in the best interest of the minor child.



¶16 The trial court accurately and cogently summarized FIL's testimony in its order. Both parties with their respective counsel were present at the hearing on Father's motion to modify, but other than FIL's conversation with the judge, neither party offered evidence at the hearing, nor did they make a trial court record. Before arriving at its decision, the trial court had at its disposal the parties' submissions and arguments in the court file and the interview with FIL.

¶17 The evidence clearly shows FIL expressed a preference to live with Father for well-articulated and appropriate reasons. She was 12 years-old at the time of the hearing, and the rebuttable presumption therefore arises pursuant to 43 O.S.2011 § 113 that she "is of sufficient age to form an intelligent preference." Although this is not binding on the trial court, the court expressly found FIL to be "old enough and mature enough to have the request taken seriously." The court gave FIL's preference and the reasons for it serious consideration and did an in-depth judicial assessment of the current custodial arrangement. Based on the evidence before us, we find no abuse of discretion in awarding custody of FIL to Father.

¶18 Mother further argues that the trial court erred in finding Father "met the burden of proof required to change custody." As stated above, "[a] parent seeking to change custody based on a material change of circumstances must demonstrate 'that, since the making of the order sought to be modified, there has been a permanent, substantial and material change of conditions which directly affect the best interests of the minor child.'" White v. White, 2007 OK 86, ¶ 8, 173 P.3d 78, 80 (quoting Gibbons v. Gibbons, 1968 OK 77, ¶ 12, 442 P.2d 482, 485). "The parent must also demonstrate 'that, as a result of such change in conditions, the minor child would be substantially better off, with respect to [the child's] mental and moral welfare, if the requested change in custody be ordered.'" Id.

¶19 Mother cites Buffalo v. Buffalo, 2009 OK CIV APP 44, 211 P.3d 923, for the proposition that in addition to FIL's preference, Father must meet the requirements of Gibbons. In Buffalo, the mother was awarded custody of the child in the divorce decree. Id. at ¶ 2, 211 P.3d at 924. The father later filed a motion to modify asking for sole custody of his son based on a substantial, material and permanent change of condition. Id. The trial court's order indicated "the modification was singularly premised on [the 10 year-old child's] preference." Id. at ¶ 16, 211 P.3d at 926.

¶20 The Court of Civil Appeals found that: "It is the explanation, the supporting reasons and all the factors that led to the preference that allow the court to examine the child's preference in terms of the requirements outlined in Gibbons." Buffalo, 2009 OK CIV APP 44 at ¶ 18, 211 P.3d at 927. "[T]he child's preference does not allow the court to bypass the obstacles articulated in Gibbons, but the child's preference and the reasons underlying it can be considered and evaluated to determine if the Gibbons requirements have been met." Id. at ¶ 18, 211 P.3d at 927. Applying this analysis, the Court held:



It does not appear from the record below that [the minor child's] expressed preference was sufficiently articulated to form an "intelligent preference." His stated preference to live with his father was equivocal, as he had also indicated he had no desire to change the status quo with his mother, and any substantive evidence regarding the conflict with [minor child's] sister was lacking to such a degree that determining whether this circumstance was material, permanent and substantial was not possible with the record provided. In this case, the child's stated preference, such as it was, did not provide a sufficient basis upon which to modify custody and the trial court erred in doing so based on the evidence available.



Id. at ¶ 23, 211 P.3d at 928.

¶21 We find Buffalo to be distinguishable from the present case because the child in Buffalo was 10 years-old when he expressed his preference which, according to the trial court, was not an "intelligent preference," but an "equivocal" one. Id. In contrast to Buffalo, FIL was 12 years-old and had formed, over a significant period of time, a thoughtful, intelligent and well-reasoned preference as delineated by Oklahoma law. She definitively stated she preferred to live with Father, wanted to live closer to extended family, and had been considering this decision for almost two years.

¶22 Although Buffalo is factually distinguishable, we agree with the appellate court's position that "[i]t is the explanation, the supporting reasons and all the factors that led to the preference that allow the court to examine the child's preference in terms of the requirements outlined in Gibbons." Id. at ¶ 18, 211 P.3d at 927. Here, we have considered FIL's explanation, supporting reasons, and factors that led to her preference in order to determine if the Gibbons requirements have been met. After doing so, we conclude FIL's preference is well-founded and supports a modification without any further proof of a change in circumstance. "A well-founded custody preference by a child can support modification of custody without proof of any other change of circumstance." Id. at ¶ 17, 211 P.3d at 927 (citing Hogue v. Hogue, 2008 OK CIV APP 63, ¶ 7, 190 P.3d 1177, 1180; Nelson v. Nelson, 2004 OK CIV APP 6, ¶ 4, 83 P.3d 911, 913; Nazworth v. Nazworth, 1996 OK CIV APP 134, ¶ 2, 931 P.2d 86, 88). The trial court's decision granting Father's motion to modify custody is affirmed.

CONCLUSION

¶23 The trial court properly exercised its discretion in granting Father's motion to modify custody and we affirm.


¶24 AFFIRMED.



BARNES, V.C.J., and FISCHER, P.J., concur.



FOOTNOTES


[1] See also Hogue v. Hogue, 2008 OK CIV APP 63, ¶ 9, 190 P.3d 1177, 1180 (holding the "court did not abuse its discretion in modifying custody, even though the court did not find Father had shown a material change other than [the 15 year old child's] preference to support the modification of custody"); Eimen v. Eimen, 2006 OK CIV APP 23, ¶ 14, 131 P.3d 148, 152 (holding the teenage "children's preference to live in Father's home was sufficient evidence to support a change in physical custody" in a modification of a split physical custody arrangement "even though the party seeking the change failed to demonstrate a change in circumstances").



[2] Although the Legislature amended section 113 in 2011, the following quoted provisions also relied on in Nelson remain substantially the same as in the 2002 version. Pursuant to 43 O.S.2011 § 113(C), "[t]here shall be a rebuttable presumption that a child who is twelve (12) years of age or older is of a sufficient age to form an intelligent preference." Section 113(D) provides that "[i]f the child is of a sufficient age to form an intelligent preference, the court shall consider the expression of preference or other testimony of the child in determining custody or limits to or periods of visitation." We also note the remaining part of this provision states that a "court shall not be bound by the child's choice or wishes and shall take all factors into consideration in awarding custody."









 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2004 OK CIV APP 6, 83 P.3d 911, NELSON v. NELSON
Discussed at Length 2006 OK CIV APP 23, 131 P.3d 148, EIMEN v. EIMEN
Discussed 2008 OK CIV APP 63, 190 P.3d 1177, HOGUE v. HOGUE
Discussed at Length 2009 OK CIV APP 44, 211 P.3d 923, BUFFALO v. BUFFALO
Discussed at Length 1996 OK CIV APP 134, 931 P.2d 86, 68 OBJ 73, Nazworth v. Nazworth,
Discussed at Length
Oklahoma Supreme Court Cases Cite
Name
Level 1968 OK 77, 442 P.2d 482, GIBBONS v. GIBBONS
Discussed at Length 2005 OK 6, 107 P.3d 589, WILLIAMSON v. WILLIAMSON
Discussed 2007 OK 86, 173 P.3d 78, WHITE v. WHITE
Discussed at Length 2008 OK 80, 195 P.3d 896, IN THE MATTER OF BTW
Discussed 2010 OK 29, 237 P.3d 145, YNCLAN v. WOODWARD
Discussed 2010 OK 85, 247 P.3d 1162, FOSHEE v. FOSHEE
Discussed at Length
Title 43. Marriage Cite
Name
Level 43 O.S. 113, Preference of Child Considered in Custody or Visitation Actions
Discussed at Length